IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

-------------------------------------------

Swissdigital USA Co., Ltd.,

    Plaintiff,

v.

Avon Lifestyle Pvt. Ltd. and

Naina Parekh,

    Defendants.

-------------------------------------------

JURY TRIAL DEMANDED

Case No.: 1:20-cv-870

**COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGEMENT OF NON-INFRINGEMENT AND PATENT INVALIDITY**

For its complaint, Plaintiff Swissdigital USA Co., Ltd., states as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement of U.S. Patent No. 10,574,071 ("the '071 Patent") (Exhibit A) under 35 U.S.C. § 271.

2. Plaintiff is also seeking a declaratory judgment under 28 U.S.C. §§ 2201 *et seq*. that Plaintiff's sale and offer for sale of its backpacks that include massage functionality do not constitute patent infringement of any claim of U.S. Patent No. 10,561,225 ("the '225 Patent") (Exhibit B) under 35 U.S.C. § 271.

3. Plaintiff further seeks a declaratory judgment that the claims of the '225 Patent are invalid and/or unenforceable.

**THE PARTIES**

4. Plaintiff Swissdigital USA Co., Ltd., Inc. ("Swissdigital") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business

at 11533 Slater Ave. Suite H, Fountain Valley, CA 92708. Swissdigital is owned by Zhijian "Hunter" Li ("Mr. Li").

5. Swissdigital is the exclusive licensee of the '071 Patent, titled "Bag or luggage with USB charging connector," with the exclusive right to sue in the United States for damages, including all past damages.

6. Swissdigital's patented invention is a bag or luggage item that provides convenient charging for its user by providing a space for placing a power storage device inside the bag or luggage body, a power cable outlet on the outer surface of the bag or luggage body, and a USB extension cable that connects to the power storage device inside the bag. Swissdigital's backpacks practicing its patent claims have been marked with U.S. Patent No. 10,574,071.

7. Upon information and belief, Defendant Avon Lifestyle Pvt. Ltd. (hereinafter "Defendant" or "Avon"), is an Indian private corporation located at B/1-2, Nand Kishore Industrial Estate, Off Mahakali Caves Rd, Andheri East, 400093, Mumbai, Maharashtra India.

8. Upon information and belief, under the brand name EUME, Avon sells and offers to sell, *inter alia*, travel luggage bags and backpacks in the U.S., including within this district, and elsewhere in the world.

9. On information and belief, Defendant Naina Parekh is a managing director of Avon. Upon information and belief, Naina Parekh is also a founder and director of Avon's EUME brand.

10. Upon information and belief, Naina Parekh is the owner of the '225 Patent.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. § 2201.

12. This Court has original jurisdiction under 28 U.S.C. §§ 1331, 1338(a), as this case arises under the patent laws of the United States. This Court also has the power to issue the declarations sought pursuant to 28 U.S.C. §§ 2201 and 2202.

13. This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(2)(k). Plaintiff is unaware of any U.S. district court where Defendants would be subject to general jurisdiction. Exercising jurisdiction over Defendants comports with due process based on, *inter alia*, their continued infringement of the '071 Patent, Avon's advertising, sales, and offers for sale of its EUME backpacks in the U.S. that Avon claims is covered by the '225 patent, and sending cease and desist communications in the U.S.

14. In the alternative, personal jurisdiction is proper because Defendant Avon has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by placing and continuing to place infringing products into the stream of commerce, with knowledge or understanding that such products are sold in the State of New York and within this District.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

16. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-15 of this Complaint as if fully set forth herein.

17. On information and belief, on or about November 2018, Sanjay Parekh ("Mr. Parekh"), a managing director of Avon and co-founder and owner of Avon's EUME brand, met with Mr. Li. During the meeting, Mr. Parekh proposed a potential distribution arrangement where Swissdigital would distribute Avon's EUME brand massager backpacks (which Mr. Parekh claimed were covered by a U.S. patent application that resulted in the '225 Patent) in the United States. The parties failed to reach an agreement.

18. On or about June 23, 2020, Mr. Parekh sent Mr. Li a message over the WeChat app and stated that "we have come to know that you are manufacturing massager backpacks and selling them in the USA," and "we [Avon] are already selling them there … and we will be taking the necessary action, legally, for the same."

19. Mr. Parekh later sent Mr. Li another message, demanding that Swissdigital "remove all listings from the market" and that Avon "will be writing to [U.S. distributors Amazon and Costco] next week if we don't receive any update from your end."

20. Mr. Parekh also notified Mr. Li that Avon "will not be taking this lightly," and "the only way to amicably solve this will be for you to send us your response … and discontinue selling this product."

21. Mr. Li responded to Mr. Parekh, explaining that he wished to find an amicable solution and would look into the issue.

22. On or about July 9, 2020, Mr. Parekh again messaged Mr. Li. Mr. Parekh threatened that he will and/or has sent messages to Plaintiff's U.S. customers and distributors, including Amazon and Costco, notifying them that Swissdigital was infringing the '225 Patent. Specifically, Mr. Parekh stated: "My legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold."

23. As a result of Avon's threats of imminent legal action and interference with Swissdigital's U.S. customers and distributors, communications between the parties broke down and Plaintiff filed the instant lawsuit.

24. On information and belief, Avon has targeted advertising efforts at U.S. customers by advertising EUME brand backpacks in U.S. magazines, websites, social media, and television

networks including but not limited to: Travel + Leisure (https://www.travelandleisure.com/the-grid/eume-massager-backpack), medium.com (https://medium.com/@analogydesign/eume-worlds-first-massager-backpack-fb3e22ec5288), Business Insider (https://markets.businessinsider.com/news/stocks/the-world-s-first-massager-backpack-by-eume-announces-kickstarter-campaign-102753 5207), and ABC's Good Morning America (https://www.goodmorningamerica.com/shop/story/gma-deals-steals-smart-solutions-day-69533797). Defendants have also raised funds for their massager bag on the New York-based funding platform Kickstarter.

25. On information and belief, Avon's EUME brand has an Amazon Store, where it features massager backpacks Defendants claim are covered by the '225 Patent. Avon's EUME brand Amazon Store also sells luggage products that infringe the '071 Patent, including but not limited to the EUME Barret Laptop Bag and the EUME Genx Massager Bag (the "Accused Bags"). On information and belief, Defendants avail themselves of Amazon's services for sellers in the United States.

26. On information and belief, Avon's EUME brand products purchased from its Amazon Store, including the Accused Bags, prominently feature a label attached to the bag with Avon's address and other contact information.

## COUNT I
### (INFRINGEMENT OF THE '071 PATENT BY DEFENDANT AVON)

27. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-26 of this Complaint as if fully set forth herein.

28. Pursuant to 35 U.S.C. § 271(a), Defendant Avon has directly infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent by offering for sale or use, and/or selling, distributing, promoting, or providing for use by others in the Western District

of New York and elsewhere in the United States, luggage products including but not limited to the Accused Bags that incorporate an integrated USB socket and include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.

29. The Accused Bags include a USB extension cable having a male connector and a female connector. The male connector is inside the bag and is used to connect to the power storage device in the placing space, and the female connector is retained outside and adjacent to the power cable outlet. The operative end of the female connector does not need to be moved, and the bag does not need to be opened, for a product to be charged.

30. The Accused Bags meet the preamble "a bag or luggage for convenient charging, comprising." The Accused Bags are for convenient charging, as they include an "integrated USB socket."

31. The Accused Bags meet the claim element "a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body." The Accused Bags include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.

32. The Accused Bags meet the claim element "a USB extension cable having a male connector and a female connector having four sides and an operative end." The Accused Bags include a USB extension cable with male connector and a female connector having four sides and an operative end.

33. The Accused Bags meet the claim element "wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space." The male connector of the USB extension cable is inside the Accused Bags and is used to connect to the power storage device in the placing space.

34. The Accused Bags meet the claim element "wherein the female connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet." The female connector of the Accused Bags is retained outside and adjacent to the power cable outlet. Three sides of the female connector are covered by a water proof sheath and provides it in a flat position and is above and covers the power cable outlet. The remaining side is in communication with the bag or luggage body.

35. The Accused Bags meet the claim element "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged." The operative end of the female connector is exposed and not covered by the sheath. The operative end of the female connector is fixedly attached to the bag, and as it is on the exterior of the bag, the bag does not need to be opened to accept a charging interface of a product to be charged.

36. In violation of 35 U.S.C. § 271(b), Avon has infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent indirectly by inducing the infringement of the '071 Patent claim by third parties, including its customers and/or distributors. Avon has induced, caused, urged, encouraged, aided, and abetted its customers to infringe at least claim 1 of the '071 Patent.

37. Avon has done so by affirmative acts, including but not limited to selling infringing

products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

38. Avon knowingly and specifically intended third parties to infringe at least claim 1 of the '071 Patent. On information and belief, Avon knew of the '071 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '071 Patent's claims by third parties.

39. On information and belief, Avon had knowledge of the '071 Patent since at least as early as February 25, 2020, when the '071 Patent issued and had actual notice of infringement prior to the filing of this action.

40. On information and belief, Avon, while fully aware that its Accused Bags infringed one or more of the claims of the '071 Patent, offered for sale, sold, and induced others to buy, use, and sell the infringing products in the United States.

41. In violation of 35 U.S.C. § 271(c), Avon has infringed (literally and/or under the doctrine of equivalents), at least claim 1 of the '071 Patent indirectly by contributing to the infringement of at least claim 1 of the '071 Patent.

42. Avon has contributed to the infringement of at least claim 1 of the '071 Patent because it knew that the Accused Bags it offered for sale were infringing and not suitable for substantial non-infringing use.

43. As a result of Avon's infringement of the '071 Patent, Swissdigital has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Swissdigital for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

44. On information and belief, Avon's infringement of the '071 Patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '071 Patent.

45. Swissdigital has suffered damages in an amount to be determined at trial by reason of Avon's willful infringement of the '071 Patent.

## COUNT II
### (DECLARATION OF NON-INFRINGEMENT OF THE '225 PATENT)

46. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-45 of this Complaint as if fully set forth herein.

47. The manufacture, use, offer to sell, or sale of Swissdigital's backpacks that include massage functionality do not infringe any claim of the '225 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

48. As a result of the acts described in the foregoing paragraphs, there exists an actual and judiciable controversy of sufficient immediacy and reality, within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., to warrant the issuance of a declaratory judgment that the claims of the '225 Patent are not infringed.

## COUNT III
### (DECLARATION OF INVALIDITY OF THE '225 PATENT)

49. Plaintiff realleges and incorporates by reference the allegations of paragraphs 1-48 of this Complaint as if fully set forth herein.

50. The claims of the '225 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 1, *et seq*., including §§ 102, 103, and 112.

51. As a result of the acts described in the foregoing paragraphs, there exists an actual and judiciable controversy of sufficient immediacy and reality, within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., to warrant the issuance of a declaratory judgment that the claims of the '225 Patent are not infringed.

## PRAYER FOR RELIEF

Wherefore, Swissdigital prays for relief, as follows:

  A. That Swissdigital is the exclusive licensee of all rights and interest in and to United States Patent No. 10,574,071, together with all rights to sue and to recover under such patent for past infringement thereof;

  B. That United States Patent No. 10,574,071 is valid and enforceable in law and that Avon has infringed said patent;

  C. Awarding to Swissdigital its damages caused by Avon's infringement of United States Patent No. 10,574,071;

  D. That Avon's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

  E. That this is an exceptional case and awarding to Swissdigital its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

  F. Awarding to Swissdigital such other and further relief as the Court may deem just and proper.

  G. A declaration that Swissdigital does not infringe either directly or indirectly any valid and enforceable claim of U.S. Patent No. 10,561,225, either literally or under the doctrine of equivalents.

  H. A declaration that the claims of U.S. Patent No. 10,561,225 are invalid.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Swissdigital hereby demands a trial by jury for all issues triable by jury.

Dated: July 10, 2020

               Respectfully submitted,

               s/ Dariush Keyhani
               Dariush Keyhani
               Frances H. Stephenson

*Attorneys for Plaintiff*
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
dkeyhani@keyhanillc.com