IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

---------------------------------------------
Swissdigital USA Co., Ltd.,

    Plaintiff,

v.

Avon Lifestyle Pvt. Ltd. and

Naina Parekh,

    Defendants.

---------------------------------------------

JURY TRIAL DEMANDED

Case No.: 1:20-cv-870

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital") by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 4(m) and (f), hereby responds to the Court's Order to Show Cause (Dkt. No. 3). In support of this Response, Plaintiff refers the Court to the memorandum below:

### SUPPORTING MEMORANDUM

Rule 4(m) of the Federal Rules of Civil Procedure provides that the summons and complaint shall be served on a defendant within 90 days after the filing of the complaint. Fed. R. Civ. P. 4.[1] However, Rule 4(m) creates an exception to the 90-day time limit for "service in a foreign country under Rule 4(f)," which sets forth procedures for such service. *Id.*; *USHA (India), Ltd. v. Honeywell Int'l, Inc.*, 421 F.3d 129, 133-34 (2d Cir. 2005). Rule 4(f) allows for service "by

---

[1] Rule 4(m) further provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4.

any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4.  The foreign country exception to Rule 4(m) does not apply where the plaintiff does not attempt to serve the defendant(s) in the foreign country within the time limit. *USHA*, 421 F.3d at 134; *Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 CIV. 11913, 2020 WL 2130680, at *6 (S.D.N.Y. May 5, 2020).

Here, Plaintiff has diligently attempted to serve international Defendants Avon Lifestyle Pvt. Ltd. and Naina Parekh (collectively, "Defendants") in India in accordance with Rule 4 and its foreign country exception.  Plaintiff filed its complaint for patent infringement against Defendants on July 10, 2020.  Both Defendants are citizens of India, which is a party to the Hague Convention, and serving process in India is subject to the Hague Service Convention.[2]  In early August 2020, Plaintiff began working with Ancillary Legal Corporation ("Ancillary"), an international process server, on service to Defendants in India.  *See* Declaration of Anya Engel (Dec. 11, 2020), ¶ 4 & Ex. A.  According to Ancillary, service to India "usually takes around 6 months … however it can take an additional 6-8 weeks for proof of service to be returned." *Id.*; *see also* Aaron Lukken, *How to Serve Process in India*, Hague Law Blog (May 18, 2017), https://www.haguelawblog.com/2017/05/serve-process-india/.

At Ancillary's direction, Plaintiff requested and received the necessary official documents from the Court, then mailed these documents to Ancillary for processing.  Ancillary received the documents from Plaintiff on October 6, 2020, processed them, and sent them to India with the required paperwork.  Engel Decl. ¶ 4 & Ex. A.  Plaintiff received confirmation from Ancillary on

---

[2] India does not permit service via postal channels; rather, service is made by an official of the foreign Court through their Ministry.

October 14, 2020, that the documents had been delivered to India's Central Authority for service. *Id.* In its October 14 email, Ancillary stated that "service typically take[s] 18-20 weeks but may take longer." *Id.* Thus, at present, the complaint and summons are with the Indian authorities, awaiting service to Defendants.

As Plaintiff has fully complied with the requirements of Rule 4 and the Hague Convention, Plaintiff respectfully requests that the Court accept this good cause and extend the time for service for an appropriate period to allow service to be effected on Defendants in India. Fed. R. Civ. P. 4.

Dated: December 15, 2020

                                                      Respectfully submitted,

                                                      <u>s/ Dariush Keyhani</u>
                                                      Dariush Keyhani
                                                      Frances H. Stephenson
                                                     *Attorneys for Plaintiff*
                                                     Keyhani LLC
                                                     1050 30th Street NW
                                                     Washington, DC 20007
                                                     T. 202.748.8950
                                                     dkeyhani@keyhanillc.com

## **CERTIFICATE OF SERVICE**

A copy of this Response to Order to Show Cause and accompanying declaration and exhibit were served on Defendants by email on December 15, 2020.

                                      s/ Frances H. Stephenson
                                      Frances H. Stephenson