# KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

———

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

May 28, 2021

**VIA ECF**

Hon. Lawrence J. Vilardo
United States District Judge
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

        RE:    *Swissdigital USA Co., Ltd. v. Avon Lifestyle Pvt. Ltd., et al.*, No. 1:20-cv-00870-LJV: Update on status and application for Court's entry of default

Dear Judge Vilardo:

      We represent Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital"). In accordance with the Court's December 17, 2020 Order (Dkt. #5), Swissdigital writes to provide an update on its unsuccessful attempt to serve Defendants Avon Lifestyle Pvt. Ltd. and Naina Parekh (collectively, "Defendants"), to apprise the Court of its intention to move for default judgment pursuant to Article 15 of the Hague Convention, and to request that the Court grant its application for an entry of default.

    **I.**    **Background**

      Swissdigital sued Defendants for patent infringement and declaratory judgment of noninfringement and patent invalidity on July 10, 2020 (Dkt. #1). The following day, on July 11, Swissdigital emailed a copy of the complaint to both Defendants and informed them that they had been sued in the United States. *See* **Ex. A** (7/11/20 Hunter Li Email). Swissdigital had previously exchanged email correspondence with Defendants at these email addresses. As detailed in Swissdigital's Response to Order to Show Cause (Dkt. #4, "Response"), Swissdigital subsequently attempted to serve Defendants, who are citizens of India, in accordance with Federal Rule of Civil Procedure Rule 4 and with the Hague Convention. In August 2020, Swissdigital retained Ancillary Legal Corporation ("Ancillary"), an international process server, to effect service on Defendants in India.

1

On December 4, 2020, the Court ordered Swissdigital to show cause why the case should not be dismissed for failure to timely effect service (Dkt. #3). Swissdigital filed its Response on December 15 (Dkt. #4), and served the Response on Defendants via email on this date, as noted in Swissdigital's Certificate of Service. *See* **Ex. B** (12/15/20 Frances Stephenson Email). On December 17, the Court stated that it was "satisfied that Swissdigital is taking the necessary steps to effect service on the defendants in India" and extended the time for Swissdigital to effect service until May 31, 2021 (Dkt. #5).

On April 14, 2021, the six-month deadline for service on Defendants expired. That day, Ancillary contacted Swissdigital's counsel, informing them that they had "not yet heard from the Central Authority in India" and providing affidavits in support of a default judgment. *See* **Ex. C** (4/14/21 Ancillary Email); **Ex. D** (Affidavit of Foss Baker in Support of Plaintiff's Motion for Default Judgment on Defendant Naina Parekh); **Ex. E** (Affidavit of Foss Baker in Support of Plaintiff's Motion for Default Judgment on Defendant Avon Lifestyle Pvt. Ltd.). According to these affidavits, the documents for service in this action were delivered to India's Central Authority on October 14, 2020, and the Central Authority was directed to serve these documents on Defendants. Ex. D, ¶ 7, p.5; Ex. E, ¶ 7, p.5. Ancillary made repeated attempts to contact the Central Authority to obtain a status update (on February 3, 2021, March 3, 2021, and April 3, 2021) but has received no response. Ex. D, ¶¶ 8, 10, pp.7-9; Ex. E, ¶¶ 8, 10, pp.7-9.

## II.   Application for entry of default

Federal Rule of Civil Procedure 4(f) allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f). Both the United States and India are signatories to the Hague Convention, and that agreement governs service of process by transmittal of documents abroad in this case. *See, e.g., Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988) ("Compliance with the Convention is mandatory in all cases to which it applies ...."); Fed. R. Civ. P. 4 Advisory Committee's Note ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").

Article 15 of the Hague Convention "provides that a member state may permit its courts to enter a default judgment in the absence of a returned Certificate [of service or delivery] where at least six months have passed since the documents were sent to the defendant and the plaintiff has made 'every reasonable effort' to obtain a Certificate." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 302 (2d Cir. 2005) (quoting Hague Convention, Art. 15). Specifically, Article 15 allows for default judgment if three conditions are satisfied: (1) "the document was transmitted by one of the methods provided for in this Convention"; (2) "a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document"; and (3) "no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed." Hague Convention, Art. 15.

All of these requirements are satisfied here. First, the documents for service in this action were transmitted to India's Central Authority as required by treaty by a method for service provided

in Article 5(a).[1] Ex. D, ¶¶ 7, 10, p.5; Ex. E, ¶¶ 7, 10, p.5. Second, more than six months have elapsed since the documents were transmitted to the Central Authority. Ex. C; Ex. D, ¶¶ 7, 10, p.5; Ex. E, ¶¶ 7, 10, p.5. And finally, no certificate of any kind has been received, even though every reasonable effort has been made to obtain it from India's Central Authority. Ex. C; Ex. D, ¶¶ 7-8, 10, pp.7-9; Ex. E, ¶¶ 7-8, 10, pp.7-9. Furthermore, Swissdigital provided actual notice of this lawsuit to Defendants on multiple occasions, including when the complaint was filed and when Swissdigital filed its Response to the Court's December 4 Order. *See* Ex. A; Ex. B. Accordingly, default judgment would be proper in this case. *See* Hague Convention, Art. 15; *Kiss Nail Prods., Inc. v. Shenzhen Jinri Elec. Appliance Co.,* No. CV185625, 2020 WL 4679631, at *4-5 (E.D.N.Y. July 23, 2020), *report and recommendation adopted*, No. 18CV5625S, 2020 WL 4676415 (E.D.N.Y. Aug. 12, 2020) (recommending that a default judgment may be entered under the Hague Convention even though no certificate of service or response had been received from the Chinese Central Authority).

For these reasons, Swissdigital respectfully requests that the Court grant its application for an entry of default.

Sincerely,

/s/Dariush Keyhani

Dariush Keyhani
Keyhani LLC
*Attorneys for Plaintiff*

---

[1] The only way to serve documents in India is through the Central Authority; documents cannot be served via mail or directly to defendants by private judicial officer. *See* Website of Ministry of External Affairs: Government of India, https://www.mea.gov.in/service-of-summons-abroad.htm (last visited May 27, 2021).

**CERTIFICATE OF SERVICE**

    A copy of this Letter, Exhibits A-E, and accompanying declarations were served on Defendants Avon Lifestyle Pvt. Ltd. and Naina Parekh by email on May 28, 2021.

                                               <u>/s/ Anya Engel</u>
                                               Anya Engel