IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

---------------------------------------------

Swissdigital USA Co., Ltd.,

      Plaintiff,

v.

Avon Lifestyle Pvt. Ltd. and

Naina Parekh,

      Defendants.

---------------------------------------------

JURY TRIAL DEMANDED

Case No.: 1:20-cv-870

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital") by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 4(f), hereby responds to the Court's Order to Show Cause (Dkt. No. 7). In support of this Response, Plaintiff refers the Court to the memorandum below:

## SUPPORTING MEMORANDUM

Federal Rule of Civil Procedure 4(f) allows for service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." Fed. R. Civ. P. 4(f). The Hague Convention provides that service may be effected through a foreign jurisdiction's Central Authority, which arranges to have process served on the defendants and returns a Certificate to the plaintiff documenting service. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005) (citing Hague Convention arts. 3, 5–6). Service of process may be "properly perfected under the Hague Convention, notwithstanding the failure of the Central Authority to return a Certificate, where the plaintiff attempted in good faith to comply with the Hague Convention and where ***the defendant had sufficient notice of the action*** such that

no injustice would result." *See id.* at 301 (emphasis added) (discussing the district court's holding in *Fox v. Regie Nationale Des Usines Renault*, 103 F.R.D. 453, 455 (W.D. Tenn. 1984)).

Service of process in compliance with the Hague Convention "must also satisfy constitutional due process. *Id.* at 303 (citing *Ackermann v. Levine*, 788 F.2d 830, 838 (2d Cir. 1986)). Due process requires "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). And if "these conditions are reasonably met, the constitutional requirements are satisfied. *Id.* at 314–15.

Here, Swissdigital has perfected service of process under the Hague Convention and satisfied the due process clause of the Constitution by diligently complying with the Hague Convention's procedures and providing actual notice of this lawsuit to Defendants Avon Lifestyle Pvt. Ltd. ("Avon") and Naina Parekh (collectively, "Defendants"). Defendants received actual notice apprising them of the pendency of this action on several occasions: (1) on July 11, 2020, by phone; (2) on July 11, 2020, by email; (3) on July 16, 2020, by phone; (4) on November 12, 2020, by email; (5) on December 7, 2020, by email; (6) on December 15, 2020, by email; and (7) on May 28, 2021, by email. Moreover, Defendants' communications immediately prior to the filing of this lawsuit and their public actions since suggest that Defendants checked and used the email addresses by which Swissdigital provided notice. Therefore, Defendants have had ample opportunity to plead or defend such that no injustice would result from an entry of default pursuant to Article 15 of the Hague Convention.

On July 8, 2020, Sanjay Parekh ("Mr. Parekh"), a managing director of Avon and co-founder and owner of Avon's EUME brand, emailed Zhijian "Hunter" Li ("Mr. Li"), owner of

Swissdigital.[1]   *See* **Ex. A**.   Mr. Parekh sent the email using the email address "sanjay@avongroup.in" and carbon copied his wife Naina Parekh, using the email address "naina@avongroup.in," and his son Pranay Parekh, using the email address "pranay@avongroup.in."  *See* Ex. A; Declaration of Zhijian "Hunter" Li, ¶ 4.  Naina Parekh is a managing director of Avon and co-founder and director of Avon's EUME brand.  Pranay Parekh is a cofounder and director of Avon's EUME brand.  Defendants sell the products under Avon's EUME brand that Swissdigital asserts are infringing its U.S. Patent No. 10,574,071 ("the '071 Patent").

In that email, Mr. Parekh proposed a settlement and licensing agreement for Swissdigital's sale of massager backpacks.  Ex. A.  Under the proposed terms, Swissdigital would pay Defendants a minimum of $1,150,000 over three years.  Ex. A.  After sending this email, Mr. Parekh sent a follow-up message to Mr. Li using the WeChat app on the morning of July, 9, 2020.  *See* **Ex. B**.  In that message, Mr. Parekh stated that his legal team was advising him to take action and that Mr. Li should expedite his response to the proposal.  Ex. B.

Later that afternoon, Mr. Li, using the reply all function, emailed Mr. Parekh, Naina Parekh, and Pranay Parekh at the email addresses provided by Mr. Parekh (sanjay@avongroup.in; naina@avongroup.in; and pranay@avongroup.in).  *See* **Ex. C**.  In the email, Mr. Li rejected Mr. Parekh's proposal and notified Defendants that their products infringed Swissdigital's '071 Patent.  Ex. C.  Mr. Li also indicated that he wished to schedule a phone call with Mr. Parekh for July 11,

---

[1] Communications between Mr. Parekh, Mr. Li, and Swissdigital's counsel occurred while the parties observed Indian Standard Time, China Standard Time, and Eastern Daylight Time, respectively.  For clarity, the dates used throughout this Response correspond with Eastern Daylight Time.

2020.  Ex. C.  After sending this email, Mr. Li sent a follow-up WeChat message to Mr. Parekh, and Mr. Parekh agreed to a July 11 phone call.  Ex. B.

On July 10, 2020, Swissdigital sued Defendants, *see* Dkt. 1, and the next day, on July 11, Mr. Parekh called Mr. Li, *see* Ex. B.  The two spoke for almost an hour.  Ex. B.  During that conversation, Mr. Li informed Mr. Parekh of the pending lawsuit and discussed reaching a settlement.  Li Decl. ¶ 7.  Mr. Li also notified Mr. Parekh that he would email Mr. Parekh a copy of the Complaint (Dkt. 1).  Li Decl. ¶ 7.

Immediately following their phone call, Mr. Li emailed Mr. Parekh, Naina Parekh, and Pranay Parekh, again using the email addresses provided by Mr. Parekh (sanjay@avongroup.in; naina@avongroup.in; and pranay@avongroup.in).  *See* Dkt. 6-3.  In the email, Mr. Li provided a brief summary of Swissdigital's position and attached a copy of the Complaint.  Dkt. 6-3.  After sending this email, Mr. Li sent a follow-up WeChat message to Mr. Parekh, drawing Mr. Parekh's attention to the email.  Ex. B.

Three days later, on July 14, Mr. Parekh attempted to call Mr. Li, who did not answer.  Ex. B.  After failing to reach Mr. Li, Mr. Parekh sent Mr. Li a WeChat message and requested a phone call.  Ex. B.  Mr. Li responded, and the parties arranged for a July 16, 2020, phone call.  Ex. B.

On July 16, 2020, Mr. Li and Mr. Parekh spoke for approximately twenty-five minutes over two successive phone calls.  Ex. B.  Again, the parties discussed the pendency of this lawsuit.  Li Decl. ¶ 8.  Mr. Parekh proposed a revised settlement and licensing agreement, seeking less money than he did in his July 8 proposal.  Li Decl. ¶ 8.  When Mr. Li again refused, communications between the parties broke down, and Defendants became unresponsive.

Despite Defendants' failure to respond, Swissdigital has continued to keep Defendants apprised of the status of this lawsuit.  On November 12, 2020, Swissdigital's counsel emailed

Naina Parekh a copy of the complaint, using the email address Mr. Parekh provided (naina@avongroup.in).  *See* **Ex. D**.  On December 7, 2020, Swissdigital's counsel emailed Pranay Parekh a copy of the complaint, using the email address Mr. Parekh provided (pranay@avongroup.in).  *See* **Ex. E**.  On December 15, 2020, Swissdigital's counsel sent copies of Swissdigital's Response to Order to Show Cause (Dkt. 4) to both Naina and Pranay Parekh. Dkt. 6-4.  And on May 28, 2021, Swissdigital's counsel sent copies of Swissdigital's letter asking the Court to enter a default in this case (Dkt. 6).  *See* **Ex. F**.

Mr. Parekh's use of the "sanjay@avongroup.in" email address and his inclusion of the "naina@avongroup.in" and "pranay@avongroup.in" email addresses suggest that Swissdigital's email correspondence was an effective means of communicating with Mr. Parekh, his wife, and his son.  And evidence in the public record supports the inference that Defendants actively used and monitored these email accounts at all times relevant to this case.  On October 8, 2021, Defendants registered the company EUME Lifestyle Pvt. Ltd. with India's Ministry of Corporate Affairs using the "sanjay@avongroup.in" email address and listing Naina Parekh and Pranay Parekh as the company's directors.  *See* **Ex. G**.  Furthermore, Naina Parekh, who is active on LinkedIn and uses the platform to post job openings, instructs readers of her profile page that "[t]o contact [her], please email [her] on naina@avongroup.in."  *See* **Ex. H**.

Swissdigital's communication with Defendants by phone and by email establishes that Defendants are aware of this lawsuit and have been apprised of every development thus far, including Swissdigital's attempt to effect service through India's Central Authority and its request for an entry of default judgment.  Defendants have had ample opportunity to plead or defend but have instead chosen to evade and ignore.  Swissdigital has diligently complied with the Hague Convention and provided actual notice of this lawsuit to Defendants on numerous occasions,

perfecting service of process under the Hague Convention and satisfying the due process clause of the Constitution. For these reasons, Swissdigital respectfully requests that the Court grant its application for an entry of default pursuant to Article 15 of the Hague Convention.

Dated: July 18, 2022

<div style="margin-left: 50%;">

Respectfully submitted,

s/ Dariush Keyhani
Dariush Keyhani
Frances H. Stephenson
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
dkeyhani@keyhanillc.com
*Attorneys for Plaintiff*

</div>