IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

-----------------------------------------------

Swissdigital USA Co., Ltd.,

   Plaintiff,

v.

Avon Lifestyle Pvt. Ltd. and

Naina Parekh,

   Defendants.

-----------------------------------------------

JURY TRIAL DEMANDED

Case No.: 1:20-cv-870


**PLAINTIFF SWISSDIGITAL USA CO., LTD.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT
PURSUANT TO FED. R. CIV. P. 55(b)(2)**

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF RELEVANT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

I.      The Court Should Enter Default Judgment Against Defendants. . . . . . . . . . . . . . . . . .4

        A.      Defendants' Default Has Been Willful. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

        B.      Defendants' Lack Any Meritorious Defense to Swissdigital's Allegations, Which
                Establish Defendants' Liability. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                i.      Swissdigital's Allegations State a Valid Claim for Declaratory Judgment of
                        Non-Infringement of the '225 Patent. . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

                ii.     Swissdigital's Allegations State a Valid Claim for Infringement of the '071
                        Patent. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        C.      Swissdigital Will Suffer Significant Prejudice if its Motion for Default Judgment is
                Denied. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

II.     The Court Should Grant Swissdigital's Requested Relief. . . . . . . . . . . . . . . . . . . . . . .17

        A.      Swissdigital is Entitled to a Permanent Injunction. . . . . . . . . . . . . . . . . . . . . . .17

        B.      Swissdigital is Entitled to an Award of Attorneys' Fees and Costs. . . . . . . . . . . ..18

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc.*, No. 18-CV-6040-FPG,
 2019 U.S. Dist. LEXIS 50628 (W.D.N.Y. Mar. 26, 2019)............................17

*Au Bon Pain Corp. v. Artect, Inc.*,
 653 F.2d 61 (2d Cir. 1981)....................................................... 7

*Becton Dickinson and Co. v. C.R. Bard, Inc.*,
 922 F.2d 792 (Fed. Cir. 1990)..............................................9, 15

*Carden v. Debt Mgmt. Partners, LLC*, No. 20-CV-679JLS(F),
 2022 U.S. Dist. LEXIS 14543 (W.D.N.Y. Jan. 26, 2022)............................ 17

*City of New York v. Mickalis Pawn Shop, LLC*,
 645 F.3d 114 (2d Cir. 2011)..................................................... 5

*Duncan Parking Techs., Inc. v. IPS Grp., Inc.*,
 914 F.3d 1347 (Fed. Cir. 2019)................................................. 9

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,
 824 F.2d 953 (Fed. Cir. 1987).................................................. 7

*Granite Music Corp. v. Ctr. St. Smoke House, Inc.*,
 786 F. Supp. 2d 716 (W.D.N.Y 2011)............................................ 17

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
 973 F.2d 155 (2d Cir. 1992).................................................... 17

*Honda Power Equip. Mfg. Co. v. Woodhouse*,
 219 F.R.D. 2 (D.D.C. 2003)......................................................8

*Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT),
 2014 U.S. Dist. LEXIS 130628 (E.D.N.Y. Sept. 16, 2014).........................5, 6

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
 312 U.S. 270 (1941)............................................................7

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007)............................................................7

*Micron Tech. Inc. v. MOSAID Techs. Inc.*,
 518 F.3d 897 (Fed. Cir. 2008)................................................. 7

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
 339 U.S. 306 (1950)............................................................6

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
 572 U.S. 545 (2014)........................................................... 18

*Pecarsky v. Galaxiworld.com, Ltd.*,
   249 F.3d 167 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

*Shoom, Inc. v. Elec. Imaging Sys. of Am., Inc.*, No. C-07-05612 JCS,
   2008 U.S. Dist. LEXIS 139699 (N.D. Cal. April 8, 2008). . . . . . . . . . . . . . . . . . . . . . . . .8

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
   655 F.3d 1364 (Fed. Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15, 16

*Tentandtable.com, LLC v. Gorilla Bounce LLC*, No. 21-CV-1318-LJV,
   2023 U.S. Dist. LEXIS 35985 (W.D.N.Y. Mar. 3, 2023). . . . . . . . . . . . . . . . . . . . . . *passim*

*Tomita Techs. USA, LLC v. Nintendo Co.*,
   681 F. App'x 967 (Fed. Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16

**Rules**

Fed. R. Civ. P. 54(d)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 19

Fed. R. Civ. P. 54(d)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 19

Fed. R. Civ. P. 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Fed. R. Civ. P. 55(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

Fed. R. Civ. P. 55(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

L. Pat. R. 3.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

L. Pat. R. 3.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

L. R. Civ. P. 55. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

L. R. Civ. P. 55(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes**

28 U.S.C. § 2201. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 7

28 U.S.C. § 2201(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7

35 U.S.C. § 271. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

35 U.S.C. § 285. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3, 18, 19

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff") submits this Memorandum of Law in support of its Motion for Default Judgment against Defendants Avon Lifestyle Pvt. Ltd. ("Avon") and Naina Parekh (collectively, "Defendants").

## PRELIMINARY STATEMENT

This is an action for (1) declaratory judgment under 28 U.S.C. §§ 2201 *et seq.* that Swissdigital's sale and offer for sale of its backpacks that include massage functionality do not constitute patent infringement of any claim of U.S. Patent No. 10,561,225 ("the '225 Patent") under 35 U.S.C. § 271; and (2) patent infringement of Swissdigital's U.S. Patent No. 10,574,071 ("the '071 Patent") under 35 U.S.C. § 271.[1]

Under Federal Rule of Civil Procedure 55(b)(2), Swissdigital is entitled to entry of default judgment and to the relief available under federal law. Specifically, Swissdigital respectfully requests that this Court (1) declare that Swissdigital does not infringe either directly or indirectly any valid and enforceable claim of the '225 Patent, either literally or under the doctrine of equivalents; or in the alternative, permit Swissdigital to submit to the Court additional proof, if necessary, showing that Swissdigital does not infringe the '225 Patent; (2) permanently enjoin Defendants from further infringing the '071 Patent, including any sale or offer to sell Defendants' bags or luggage products that incorporate an integrated USB socket for convenient charging; and (3) enter a judgment of reasonable attorneys' fees and costs (an accounting of which will later be provided) against Defendants under Federal Rule of Civil Procedure 54(d)(1)–(2) and 35 U.S.C. § 285.

---

[1] Swissdigital's Complaint includes a third count, which seeks the issuance of declaratory judgment that the claims of the '225 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 1, *et seq.*, including §§ 102, 103, and 112. Compl. ¶¶ 3, 49–51. In light of Defendants' default and failure to act on their threats of legal action, Swissdigital is willing to withdraw Count III.

<u>**SUMMARY OF RELEVANT FACTS**</u>

<u>**Defendants' Threats of Legal Action**</u>

In June and July 2020, Sanjay Parekh ("Mr. Parekh"), a managing director of Avon and co-founder and owner of Avon's EUME brand, contacted Swissdigital owner Zhijian "Hunter" Li ("Mr. Li") regarding Swissdigital's backpacks that include massage functionality.  Compl. (Dkt. No. 1) ¶¶ 17–22.  Mr. Parekh claimed that Swissdigital's backpacks infringed the '225 Patent.  *Id.* at ¶¶ 18–22.  Naina Parekh, who is a managing director of Avon and founder and director of Avon's EUME brand, is the owner of the '225 Patent.  *Id.* at ¶¶ 9–10.  Mr. Parekh stated that Defendants would be taking legal action and threatened to interfere with Swissdigital's U.S. customers and distributors, stating the following: "My legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold."  *Id.* at ¶¶ 18–19, 22.

Swissdigital's backpacks that include massage functionality do not infringe either directly or indirectly any claim of the '225 Patent, either literally or under the doctrine of equivalents.  *Id.* at ¶ 47.  Prompted by Defendants' threats of imminent legal action and interference with Swissdigital's U.S. customers and distributors, Swissdigital commenced this action seeking declaratory judgment of non-infringement.  *Id.* at ¶¶ 2, 46–48.

<u>**Defendants' Infringing Activities**</u>

Swissdigital is the exclusive licensee of the '071 Patent, titled "Bag or luggage with USB charging connector."  *Id.* at ¶ 5.  Swissdigital's patented invention is a bag or luggage item that provides convenient charging for its user by providing a space for placing a power storage device inside the bag or luggage body, a power cable outlet on the outer surface of the bag or luggage body, and a USB extension cable that connects to the power storage device inside the bag.  *Id.* at

¶ 6.  Swissdigital's backpacks practicing its patent claims have been marked with U.S. Patent No. 10,574,071.  *Id.*

Avon sells and offers to sell bags and luggage products in the United States under the brand name EUME.  *Id.* at ¶ 8.  Defendants sell products, including but not limited to the EUME Barret Laptop Bag and the EUME Genx Massager Bag (the "Accused Bags"), that infringe the '071 Patent.  *Id.* at ¶¶ 25, 28.  These infringing products incorporate an integrated USB socket and include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag.  *Id.* at ¶ 28.  The Accused Bags meet each claim element of at least claim 1 of the '071 Patent.  *See id.* at ¶¶ 30–35.

Avon, while fully aware that its Accused Bags infringed the '071 Patent, deliberately and willfully infringed the '071 Patent by selling, offering to sell, and inducing others to buy, use, and sell its infringing products.  *Id.* at ¶¶ 40, 44.  As a result of Avon's willful infringement of the '071 Patent, Swissdigital has suffered damages.  *Id.* at ¶ 25.

## This Action and Defendants' Default

Facing Defendants' threats of imminent legal action and interference with Swissdigital's U.S. customers and distributors, Swissdigital commenced this action on July 10, 2020.  *See* Compl. (Dkt. No. 1).  In its Complaint,  Swissdigital requests, *inter alia*, "[a] declaration that Swissdigital does not infringe either directly or indirectly any valid and enforceable claim of [the '225 Patent], either literally or under the doctrine of equivalents," "such other and further relief as the Court may deem just and proper [for Defendants' infringement of the '071 Patent]," and "[Swissdigital's] costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285."  Compl. (Dkt. No. 1) ¶¶ E, F, G.

Swissdigital provided Defendants with actual notice of this lawsuit and attempted to effect service on Defendants pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See* Resp. Order to Show Cause (Dkt. No. 8). On April 3, 2023, this Court found that "Swissdigital has complied with the requirements of the Hague Convention" and "Swissdidital's efforts to serve [D]efendants satisfied the due process clause." Text Order (Dkt. No. 9).

Defendants failed to plead or defend, and on April 4, 2023, the Clerk of Court entered a default against them. Entry of Default (Dkt. No. 10). Swissdigitial now seeks an entry of judgment by default from this Court.

## ARGUMENT

### I.     The Court Should Enter Default Judgment Against Defendants.

The Court should enter default judgment against Defendants because Swissdigital meets the procedural and substantive prerequisites for obtaining default judgment.

Federal Rule of Civil Procedure 55 permits courts to enter a judgment by default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55. Parties must first secure a clerk of court's entry of default before moving the court for an entry of default judgment. Fed. R. Civ. P. 55(a); L. R. Civ. P. 55. In this District, an application for an entry of default judgment must "reference and include the docket numbers of the Clerk's Entry of Default and the pleading to which no response has been made." L. R. Civ. P. 55(b)(2).

When determining whether to grant default judgment, courts in the Second Circuit consider "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Tentandtable.com, LLC v.*

*Gorilla Bounce LLC*, No. 21-CV-1318-LJV, 2023 U.S. Dist. LEXIS 35985, at *5 (W.D.N.Y. Mar. 3, 2023) (alteration in original) (quoting *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT), 2014 U.S. Dist. LEXIS 130628, at *5 (E.D.N.Y. Sept. 16, 2014)); *see also Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001).  Courts must also determine "whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *5 (alteration in original) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

Here, Swissdigital has satisfied the procedural requirements for obtaining default judgment.  Swissdigital has secured the Clerk of Court's Entry of Default against Defendants and complied with this District's rule by referencing the Entry of Default (Dkt. No. 10) and the Complaint (Dkt. No. 1) in its Motion for Default Judgment.  *See* Mot. Default J.

Likewise, Swissdigital meets the substantive prerequisites to obtain default judgment.  As discussed below, (1) Defendants' default has been willful; (2) Defendants' lack any meritorious defense to Swissdigital's allegations, which establish Defendants' liability; and (3) Swissdigital will suffer significant prejudice if its Motion for Default Judgment is denied.

### A.    Defendants' Default Has Been Willful.

Defendants' default has been willful; Defendants have failed to appear or respond to Swissdigital's Complaint despite receiving actual notice of this lawsuit.  A defendant's "failure to appear, failure to respond to the [c]omplaint, and failure to respond to the instant motion sufficiently demonstrate willfulness." *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *7 (quoting *Krevat*, 2014 U.S. Dist. LEXIS 130628, at *6).

Swissdigital provided Defendants actual notice apprising them of the pendency of this action on several occasions, affording Defendants ample opportunity to plead or defend. *See* Resp.

Order to Show Cause (Dkt. No. 8) 2 (detailing specific instances of actual notice). This Court found that Swissdigital's efforts were "reasonably calculated, under all the circumstances to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections." Dkt. No. 9 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). As such, Defendants' choice to ignore Swissdigital's Complaint demonstrates willful conduct, which weighs in favor of granting default judgment.

### B. Defendants' Lack Any Meritorious Defense to Swissdigital's Allegations, Which Establish Defendants' Liability.

Defendants lack any meritorious defense to Swissdigital's allegations that (1) Swissdigital's sale and offer for sale of its backpacks that include massage functionality do not infringe any claim of the '225 Patent; and (2) Defendants have infringed the '071 Patent by selling, offering to sell, and inducing others to buy, use, and sell its Accused Bags.

To have a meritorious defense, a defendant must "present evidence of facts that, if proven at trial, would constitute a complete defense." *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *5–6 (quoting *Krevat*, 2014 U.S. Dist. LEXIS 130628, at *6). But "[w]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.* at *6.

Here, Defendants lack any meritorious defense to Swissdigital's claims and have failed to answer Swissdigital's Complaint—despite receiving actual notice of this lawsuit. These circumstances weigh in favor of granting a default judgment.

Furthermore, Swissdigital's allegations in its Complaint, which are now conceded as true by Defendants' default, establish Defendants' liability. When determining whether a plaintiff's allegations establish a defendant's liability as a matter of law, courts "accept[] the factual

allegations in the complaint as true and determine[] whether the alleged facts state a valid claim for relief." *Id.* at *4 (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). If necessary, courts have discretion to require additional proof, and plaintiffs are entitled to the benefit of "all reasonable inferences from the evidence offered." *Au Bon Pain Corp.*, 653 F.2d at 65.

In its Complaint, Swissdigital's allegations state a valid claim for (1) declaratory judgment of non-infringement of the '225 Patent; and (2) infringement of the '071 Patent.

### i.   Swissdigital's Allegations State a Valid Claim for Declaratory Judgment of Non-Infringement of the '225 Patent.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The "actual controversy" requirement is satisfied where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In patent cases, "[t]he purpose of the Declaratory Judgment Act . . . is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Micron Tech. Inc. v. MOSAID Techs. Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987)).

In its Complaint, Swissdigital pleads facts that show a case of actual controversy. The Complaint includes numerous messages over the WeChat application made by Mr. Parekh, a managing director of Avon, to Mr. Li, the owner of Swissdigital, threatening imminent legal action and interference with Swissdigital's U.S. customers and distributors. *See* Compl. ¶ 18 ("[W]e will

be taking the necessary action, legally, for the same."); *id.* at ¶ 19 ("[R]emove all listings from the market. . . . [Avon] will be writing to [U.S. distributors Amazon and Costco] next week if we don't receive any update from your end."); *id.* at ¶ 20 ("[Avon] will not be taking this lightly. . . . [T]he only way to amicably solve this will be for you to send us your response . . . and discontinue selling this product."); *id.* at ¶ 22 ("My legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold."). Under these circumstances, there "exists an actual and judiciable controversy of sufficient immediacy and reality" between Swissdigital and Defendants "to warrant the issuance of a declaratory judgment that the claims of the '225 Patent are not infringed." *Id.* at ¶ 48.

Furthermore, Swissdigital's Complaint alleges that "Swissdigital's backpacks that include massage functionality do not infringe any claim of the '225 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents." *Id.* at ¶ 47. And Defendants' default has significantly hindered Swissdigital's ability to plead additional facts supporting non-infringement; Swissdigital lacks Defendants' Disclosure of Asserted Claims and Infringement Contentions and the accompanying document production required by Local Patent Rules 3.1 and 3.2. In similar situations where a patent owner defaults, courts have found allegations of non-infringement sufficient "without further proof of [the plaintiff's] claims of non-infringement." *See, e.g.*, *Shoom, Inc. v. Elec. Imaging Sys. of Am., Inc.*, No. C-07-05612 JCS, 2008 U.S. Dist. LEXIS 139699, at *15 (N.D. Cal. April 8, 2008) (entering default judgment on declaratory judgment claim of non-infringement based on allegation of non-infringement and supporting declaration); *see also Honda Power Equip. Mfg. Co. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003) (entering default judgment

8

on declaratory judgment claim of invalidity based on allegations in the complaint without further proof where defendant willfully failed to respond).

Nevertheless, Swissdigital does not infringe the '225 Patent because Swissdigital does not and has not sold or offered to sell any products that include "a detachable massaging unit" as required by the independent claims of the '225 Patent.  "To prove infringement, a [party] must prove the [literal] presence of each and every claim element or its equivalent" in the accused product.  *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011) (citation omitted); *see also Tomita Techs. USA, LLC v. Nintendo Co.*, 681 F. App'x 967, 970 (Fed. Cir. 2017); *Duncan Parking Techs., Inc. v. IPS Grp., Inc.*, 914 F.3d 1347, 1360 (Fed. Cir. 2019) ("Because we affirm the district court's grant of summary judgment of noninfringement of...the only independent claims ... we need not separately address the additional limitations of the remaining dependent claims..."); *Becton Dickinson and Co. v. C.R. Bard, Inc.,* 922 F.2d 792, 798 (Fed.Cir.1990) (same).

The '225 Patent is titled "Adaptable backpack."  The specification describes the invention as "relat[ing] to an adaptable backpack which provides massaging effect to a user by way of **one or more moveably adjusted detachable massaging units** as per the height or desire of the user." The specification describes an object of the invention as "provid[ing] an adaptable backpack for providing massaging effect to a user by way of **movably adjusted detachable massaging units**." The claim language of the two independent claims (claims 1 and 10) of the '225 Patent and relevant elements not practiced by Swissdigital (in bold) are below:

> 1. An adaptable backpack (1000), comprising:
>
> a housing (100) having a front surface (110), a back surface (120), a pair of opposed side surfaces (130, 140), a top surface (150) and a bottom surface (160), said back surface (120) having at least two pairs of opposed extremities (120 *a*, 120 *b*);

9

a first comfort plate (200) detachably coupled with said pair of opposed extremities (120 *a*) of said back surface (120) thereby forming openings (O, O′) towards other pair of opposed extremities (120 *b*) and thereby configuring an enclosure, **said first comfort plate (200) having at least one detachable massaging unit (210)**; and

a second comfort plate (300) disposed within said enclosure such that a portion of said second comfort plate (300) extends through said first comfort plate (200) at said opposed extremities (120 *b*), **said second comfort plate (300) having at least one detachable massaging unit (310)**,

a pair of straps (320), each of said straps (320) coupled with an upper portion of said second comfort plate (300) at one end and a bottom portion of said housing (100) at other end,

at least one length adaptable member (330) coupled with a lower portion of said second comfort plate (300) and configured to control movement of said second comfort plate (300) along a longitudinal direction within said enclosure configured by the first comfort plate (200).

10. A method of adjusting at least one detachable massaging unit of an adaptable backpack (1000), the method comprising:

providing a housing (100) of said adaptable backpack (1000) having a front surface (110), a back surface (120), a pair of opposed side surfaces (130, 140), a top surface (150) and a bottom surface (160), said back surface (120) having at least two pairs of opposed extremities (120 *a*, 120 *b*);

detachably coupling a first comfort plate (200) with said pair of opposed extremities (120 *a*) of said back surface (120) thereby forming openings (O, O′) towards other pair of opposed extremities (120 *b*) and thereby configuring an enclosure, **said first comfort plate (200) having at least one detachable massaging unit (210)**;

inserting a second comfort plate (300) within said enclosure such that a portion of said second comfort plate (300) extends through said first comfort plate (200) at said opposed extremities (120 *b*), **said second comfort plate (300) having at least one detachable massaging unit (310)**, at least one length adaptable member (330) coupled with a lower portion of said second comfort plate (300); and

10

controlling movement of said second comfort plate (300) along a longitudinal direction within said enclosure by said at least one length adaptable member (330) thereby adjusting placement of said at least one detachable massaging unit (310) of said second comfort plate (300) as per the height of a user.

Each independent claim requires that an infringing product includes at least two "comfort plate[s]" ("said first comfort plate" and "said second comfort plate") each having "at least one detachable massaging unit."

Swissdigital sells six backpacks with massage functionality: Swissdigital Zion Massage Backpack, Swissdigital Pearl Rose Massage Backpack, Swissdigital Neptune Massage Backpack, Swissdigital Katy Rose Massage Backpack, Swissdigital Empere Massage Backpack, and Swissdigital Cosmo 3.0 Massaging Travel Backpack.  None of the massage units included in these backpacks are detachable.  Each of these backpacks include massage components that are sewn into the body of the backpack and straps and cannot be detached or adjusted.  Images of each backpack and their massage components are identified in the chart below:

| Swissdigital Backpack | Images of non-detachable massage components |
|---|---|
| Swissdigital Zion Massage Backpack |  |

Swissdigital Pearl Rose Massage Backpack



Swissdigital Neptune Massage Backpack



| Swissdigital Katy Rose Massage Backpack |  |
| --- | --- |
| Swissdigital Empere Massage Backpack | |

| Swissdigital Cosmo 3.0 Massaging Travel Backpack |  |
|---|---|

Because none of Swissdigital's products include a "first comfort plate having at least one detachable massaging unit" or a "second comfort plate having at least one detachable massage unit" of independent claims 1 and 10, Swissdigital has not and does not infringe any claims of the '225 Patent. *Becton Dickinson,* 922 F.2d at 798 ("A finding of non-infringement of an independent claim requires the conclusion that all claims which depend from the independent claim also do not infringe"). As such, declaratory judgment of non-infringement is proper.

**ii.      Swissdigital's Allegations State a Valid Claim for Infringement of the '071 Patent.**

Again, "[t]o prove infringement, a [party] must prove the [literal] presence of each and every claim element or its equivalent" in the accused product. *Star Sci., Inc. v. R.J. Reynolds*

*Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011) (citation omitted); *see also Tomita Techs. USA, LLC v. Nintendo Co.*, 681 F. App'x 967, 970 (Fed. Cir. 2017).

Swissdigital's Complaint alleges precisely that—that each and every claim element or its equivalent of at least claim 1 of the '071 Patent is literally present in Defendants' Accused Bags. *See* Compl. ¶¶ 30–35. The Complaint alleges the following:

> The Accused Bags include a USB extension cable having a male connector and a female connector. The male connector is inside the bag and is used to connect to the power storage device in the placing space, and the female connector is retained outside and adjacent to the power cable outlet. The operative end of the female connector does not need to be moved, and the bag does not need to be opened, for a product to be charged.

*Id.* at ¶ 29. Because the Accused Bags have these described properties, they meet each claim element of claim 1 of the '071 and therefore infringe. *See id.* at ¶¶ 30–35.

### C. Swissdigital Will Suffer Significant Prejudice if its Motion for Default Judgment is Denied.

Having already spent almost three years attempting to resolve this matter, Swissdigital will suffer significant prejudice if its Motion for Default Judgment is denied. Without default judgment, Swissdigital may be exposed to renewed threats by the Defendants of imminent legal action and interference with Swissdigital's non-infringing business activities. And despite having actual notice of infringement, Defendants' deliberate, willful infringement has continued throughout the pendency of this case; the Accused Bags have been and continue to be offered for sale and/or sold in the United States from Defendants' EUME Amazon store (https://www.amazon.com/stores/EUME/page/D3A998D4-D260-409A-B8B9-FC913FA8F942?ref_=ast_bln). Defendants' infringing products directly compete with Swissdigital's own products embodying the '071 Patent, and Swissdigital may be forced to

relitigate its infringement claim if its Motion for Default Judgment is denied.  For the reasons, the Court should enter default judgment against Defendants.

## II.      The Court Should Grant Swissdigital's Requested Relief.

The Court should grant Swissdigital's requested relief because Swissdigital's allegations and Defendants' default adequately support the relief sought.  "Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought."  *Carden v. Debt Mgmt. Partners, LLC*, No. 20-CV-679JLS(F), 2022 U.S. Dist. LEXIS 14543, at *7 (W.D.N.Y. Jan. 26, 2022) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

In this case, Swissdigital is entitled to (1) a permanent injunction; and (2) an award of attorneys' fees and costs.

### A.      Swissdigital is Entitled to a Permanent Injunction.

On a motion for default judgment, courts may issue an injunction "provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction."  *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *4 (quoting *Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc.*, No. 18-CV-6040-FPG, 2019 U.S. Dist. LEXIS 50628, at *4 (W.D.N.Y. Mar. 26, 2019)).  A party meets the prerequisites for the issuance of an injunction if it shows "(1) that i[t] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *Id.* at *18 (quoting *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 729 (W.D.N.Y 2011)).

Here, Defendants have deliberately ignored this lawsuit and failed to appear and defend their Accused Bags, all the while continuing to sell their infringing products that directly compete with Swissdigital's own products embodying the '071 Patent.   And given Defendants' unwillingness to engage in the judicial process, damages will be difficult to quantify and recover. In the absence of an injunction, Swissdigital may be forced to relitigate its infringement claim after already spending almost three years attempting to resolve this matter and end Defendants' infringing conduct.   Lastly, the public interest weighs in favor of an injunction because the public has an interest in protecting patentees' rights such that innovation is incentivized and the judicial process is respected.   Accordingly, the Court should enjoin and restrain Defendants from further infringing the '071 Patent.

### B.     Swissdigital is Entitled to an Award of  Attorneys' Fees and Costs.

The  Patent  Act  authorizes  courts  to  award  attorney  fees  to  the  prevailing  party  in "exceptional cases."  35 U.S.C. § 285.  An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."  *Id.* (internal quotation marks and citation omitted).

This case is exceptional because, as Swissdigital has alleged, Defendants' infringement of the '071 Patent has been deliberate and willful.  Compl. ¶ 44.  Defendants' infringing conduct has continued throughout the pendency of this case despite having actual notice of infringement, and Defendants have failed to appear and defend their Accused Bags.  Moreover, Defendants made their threats of imminent legal action and interference with Swissdigital's U.S. customers and

distributors in bad faith, as evidenced by their refusal to engage in the judicial process. Accordingly, the Court should award Swissdigital its attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, Swissdigital is entitled to relief that will cease Defendants' threats of legal action and interference with Swissdigital's business and prohibit Defendants from continuing to infringe the '071 Patent.  Accordingly, Swissdigital respectfully requests that this Court enter judgment in its favor against Defendants on Count I and Count II in the Complaint and grant Swissdigital the following relief:

1.      Declare that Swissdigital does not infringe either directly or indirectly any valid and enforceable claim of the '225 Patent, either literally or under the doctrine of equivalents; or in the alternative, permit Swissdigital to submit to the Court additional proof, if necessary, showing that Swissdigital does not infringe the '225 Patent.

2.      Enjoin and restrain Defendants from further infringing the '071 Patent, including any sale or offer to sell Defendants' bags or luggage products that incorporate an integrated USB socket for convenient charging.

3.      Order Defendants to pay Swissdigital the costs of suit and Swissdigital's reasonable attorneys' fees, an accounting of which will later be provided, in accordance with Federal Rule of Civil Procedure 54(d)(1)–(2) and 35 U.S.C. § 285.

4.      Award such other and further relief as the Court deems just and proper.


Dated: May 9, 2023

                                                Respectfully submitted,

                                                s/ Dariush Keyhani
                                                Dariush Keyhani

Frances H. Stephenson
*Attorneys for Plaintiff*
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
dkeyhani@keyhanillc.com

## <u>CERTIFICATE OF SERVICE</u>

A copy of this Memorandum of Law and Notice of Motion were served on Defendants

Avon Lifestyle Pvt. Ltd. and Naina Parekh by email on May 9, 2023.

<u>/s/ Frances H. Stephenson</u>
Frances H. Stephenson