UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SWISSDIGITAL USA CO., LTD.,

        Plaintiff,

    v.
                                          20-CV-870-LJV
                                          DECISION & ORDER

AVON LIFESTYLE PVT. LTD., *et al.*,

        Defendants.
_____

       The plaintiff, Swissdigital USA Co., Ltd. ("Swissdigital"), moves for a default judgment against the defendants, Avon Lifestyle Pvt. Ltd. and Naina Parekh. Docket Item 11; *see* Docket Item 12. More specifically, Swissdigital seeks a default judgment on two claims asserted in its complaint: (1) its patent infringement claim, Docket Item 1 at ¶¶ 27-45; and (2) its request for a declaratory judgment that it did not infringe a different patent held by the defendants, *id.* at ¶¶ 46-48.[1]

       For the reasons that follow, Swissdigital's motion for a default judgment is denied without prejudice.

## LEGAL PRINCIPLES

       Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the plaintiff must secure a clerk's entry of default by demonstrating that the opposing party

---

[1] The complaint asserts a third claim seeking a declaratory judgment that the defendants' patent is invalid, Docket Item 1 at ¶¶ 49-51, but Swissdigital does not move for a default judgment on that claim, *see* Docket Item 12 at 5 n.1.

"has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Second, the plaintiff must "seek a judgment by default under Rule 55(b)." *Green*, 420 F.3d at 104.

A plaintiff seeking a default judgment "bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action." *LG Cap. Funding, LLC v. Accelera Innovations, Inc.*, 2018 WL 5456670, at *4 (E.D.N.Y. Aug. 13, 2018). "Ultimately, the decision whether to enter [a] default judgment is committed to the district court's discretion." *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 577 (W.D.N.Y. 2019) (alterations and internal quotation marks omitted) (quoting *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015)). But "in light of the [Second Circuit's] 'oft-stated preference for resolving disputes on the merits,' default judgments are 'generally disfavored.'" *Brydge Techs. LLC v. OGadget LLC*, 2021 WL 1200316, at *3 (E.D.N.Y. Mar. 4, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)).

## DISCUSSION[2]

### I.   INFRINGEMENT CLAIM

Swissdigital asserts a patent infringement claim in connection with two bags sold under the defendants' "EUME" brand (the "EUME bags"). Docket Item 1 at ¶¶ 27-45. Swissdigital alleges that the EUME bags infringe U.S. Patent No. 10,574,071 ("the '071 patent"), which is held by Swissdigital and titled "Bag or luggage with USB charging

---

[2] The Court assumes the reader's familiarity with the facts alleged in the complaint, Docket Item 1.

connector." *Id.*; *see id.* at ¶¶ 1, 5.  More specifically, it alleges that the EUME bags infringe the '071 patent because they "incorporate an integrated USB socket and include a place for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag."  *Id.* at ¶ 28.

According to Swissdigital, "Exhibit A" to the complaint is a copy of the '071 patent.  *See id.* at ¶ 1.  But the document titled "Exhibit A" is a patent for a "Load-Reducing Massage Backpack" and does not mention "USB charging" or anything else relevant to the defendants' alleged infringing actions.  *See* Docket Item 1-1.  The Court therefore cannot evaluate Swissdigital's allegations about the content of the '071 patent and whether the EUME bags infringe that patent.  *See* Docket Item 1 at ¶¶ 29-35 (alleging that the EUME bags meet specific "claim element[s]" enumerated in the '071 patent).

In other words, because Swissdigital apparently has attached the incorrect patent to its complaint, it has failed to show that it is entitled to a default judgment on its patent infringement claim.  Swissdigital's motion for a default judgment as to the first count of its complaint therefore is denied.

## II.     NON-INFRINGEMENT CLAIM

Swissdigital also seeks a declaratory judgment that it has not infringed a patent held by the defendants, U.S. Patent No. 10,561,225 ("the '225 patent").  *Id.* at ¶¶ 46-48.

The '225 patent is for an "adaptable backpack" with "detachable massaging units" that can be "adjusted" based on "the user's height or desire."  Docket Item 1-2 at 10, 14-15 (capitalization omitted).  In its memorandum of law in support of its motion for a default judgment, Swissdigital asserts that it has not infringed that patent because it

3

"does not and has not sold [sic] or offered to sell any products that include 'a detachable massaging unit' as required by the independent claims of the '225 [p]atent." Docket Item 12 at 13.

To support that assertion, Swissdigital describes the "six backpacks with massage functionality" that it sells and explains that "[n]one of the massage units included in these backpacks are detachable." *Id.* at 15-19. But none of that is pleaded in the complaint, so none of it is properly before this Court on Swissdigital's motion for a default judgment.[3]  *See* Docket Item 1.

Moreover, the complaint says only that "Swissdigital's backpacks that include massage functionality do not infringe any claim of the '225 [p]atent, either directly or indirectly, and either literally or under the doctrine of equivalents." *Id.* at ¶¶ 46-48. But that conclusory allegation is insufficient to show that Swissdigital's massage backpacks do not infringe the '225 patent, and Swissdigital therefore is not entitled to a default judgment on its non-infringement claim.

Swissdigital's motion for default judgment as to the second count of its complaint therefore is denied as well.

---

[3] "[C]ourts in this Circuit have disagreed on the permissibility of looking to evidence outside the complaint in adjudicating a motion for default judgment." *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 150 n.6 (N.D.N.Y. 2020) (collecting cases).  But in light of the Second Circuit's preference for resolving disputes on the merits, *see LG Cap.*, 2018 WL 5456670, at *4, this Court declines to consider evidence outside either the four corners of the complaint or documents properly incorporated by or attached to the complaint.

**CONCLUSION**

For the reasons stated above, Swissdigital's motion for a default judgment, Docket Item 11, is DENIED without prejudice. Swissdigital may amend its complaint and move for a default judgment a second time **within 45 days of the date of this order**. **Within 14 days of the date of this order**, Swissdigital shall serve a copy of this order on the defendants and file a certificate of service.

SO ORDERED.

Dated: August 1, 2024
       Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE