IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

------------------------------------------------

Swissdigital USA Co., Ltd.,

    Plaintiff,

v.

Avon Lifestyle Pvt. Ltd. and

Naina Parekh,

    Defendants.

------------------------------------------------

JURY TRIAL DEMANDED

Case No.: 1:20-cv-870-LJV

# AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGEMENT OF NON-INFRINGEMENT AND PATENT INVALIDITY

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff"), files this Amended Complaint against Defendants Avon Lifestyle Pvt. Ltd. ("Avon") and Naina Parekh ("Ms. Parekh") (collectively, "Defendants") and as claim for relief states as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement of U.S. Patent No. 10,574,071 ("the '071 Patent") under 35 U.S.C. § 271.

2. Plaintiff also seeks a declaratory judgment under 28 U.S.C. §§ 2201 *et seq*. that Plaintiff's sale and offer for sale of its backpacks that include massage functionality do not constitute patent infringement of any claim of U.S. Patent No. 10,561,225 ("the '225 Patent") under 35 U.S.C. § 271.

3. Plaintiff further seeks a declaratory judgment that the claims of the '225 Patent are invalid and/or unenforceable.

## THE PARTIES

4.  Plaintiff is a Delaware limited liability company with an address of 50 Fountain Plaza, Suite 1700, Buffalo, New York 14202-2216.

5.  On information and belief, Avon is an Indian private corporation located at B/1-2, Nandkishore Industrial Estate, Off Mahakali Caves Rd, Andheri East, Mumbai, Maharashtra 400093, India.

6.  On information and belief, Ms. Parekh is a managing director of Avon, a co-founder and director of Avon's EUME brand, and the owner of the '225 Patent.

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the patent laws of the United States. This Court also has the power to issue the declarations sought pursuant to 28 U.S.C. §§ 2201 and 2202.

8.  This Court has personal jurisdiction over Defendants pursuant to Federal Rule of Civil Procedure 4(k)(2). Plaintiff's claims arise under federal law. Defendants are not subject to jurisdiction in any state's courts of general jurisdiction. Exercising jurisdiction over Defendants comports with due process based on, among other things: Avon's continued infringement of the '071 Patent in the United States; Avon's advertising, offers to sell, and sales in the United States of its EUME backpacks that Avon claims are covered by the '225 Patent; and Avon's cease and desist communications sent into the United States relating to the '225 Patent.

9.  In the alternative, personal jurisdiction is proper because Avon has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 by placing its infringing products into the stream of commerce with knowledge and understanding that such products are sold in the State of New York and in this District. Further, Avon sent cease and desist

communications relating to the '225 Patent to Plaintiff, who is located in the State of New York and in this District.

10.     Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391 because Defendants do not reside in the United States and are subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

11.     Plaintiff is in the business of selling high-tech intelligent backpacks and other innovative consumer goods throughout the world, including within the United States and within this District.  Swissdigital is owned by Zhijian "Hunter" Li ("Mr. Li").

12.     Plaintiff is the owner of all rights, title, and interest in and to the '071 Patent.  A true and correct copy of the '071 Patent is attached hereto as Exhibit A.

13.     The '071 Patent, titled: "Bag or luggage with USB charging connector," issued on February 25, 2020.  Plaintiff's invention is a bag or luggage for convenient charging of personal devices such as smart phones, tablets, or any device that requires recharging.  The claimed and disclosed bag or luggage provides a space for placing a power storage device inside the bag or luggage body, a power cable outlet on the outer surface of the bag or luggage body, and a USB extension cable that connects to the power storage device inside the bag.

14.     Plaintiff's products offered for sale and sold in the United States that practice the claims of the '071 Patent are marked with patent numbers in compliance with 35 U.S.C. § 287.

15.     On information and belief, Avon offers to sell and sells travel luggage bags and backpacks, among other things, under the brand name EUME in the United States, including within this District, and elsewhere in the world.

16. On information and belief, Ms. Parekh is the owner of all rights, title, and interest in and to the '225 Patent. A true and correct copy of the '225 Patent is attached hereto as Exhibit B.

17. The '225 Patent is titled: "Adaptable backpack." The specification describes the invention as "relat[ing] to an adaptable backpack which provides massaging effect to a user by way of one or more moveably adjusted detachable massaging units as per the height or desire of the user."

18. On or about November 2018, Sanjay Parekh ("Mr. Parekh"), a managing director of Avon and co-founder and owner of Avon's EUME brand, met with Mr. Li. During the meeting, Mr. Parekh proposed a potential distribution arrangement where Swissdigital would distribute Avon's EUME brand massager backpacks, which Mr. Parekh claimed were covered by a U.S. patent application that resulted in the '225 Patent, in the United States. The parties failed to reach an agreement.

19. On or about June 23, 2020, Mr. Parekh sent Mr. Li a message over the WeChat app and stated that "we have come to know that you are manufacturing massager backpacks and selling them in the USA," and "we [Avon] are already selling them there . . . and we will be taking the necessary action, legally, for the same."

20. Mr. Parekh later sent Mr. Li another message, demanding that Swissdigital "remove all listings from the market" and that Avon "will be writing to [U.S. distributors Amazon and Costco] next week if we don't receive any update from your end."

21. Mr. Parekh also notified Mr. Li that Avon "will not be taking this lightly," and "the only way to amicably solve this will be for you to send us your response . . . and discontinue selling this product."

22.     Mr. Li responded to Mr. Parekh, explaining that he wished to find an amicable solution and would look into the issue.

23.     On or about July 8, 2020, Mr. Parekh emailed Mr. Li a proposed settlement and licensing agreement for Swissdigital's sale of massager backpacks. Mr. Parekh's email stated that, "with respect to the massaging backpack patent of our company, Avon Lifestyle Pvt. Ltd., which is issued under the name of its director and my wife, Mrs. Naina Parekh, that has been infringed by Swiss Digital Backpacks, we have arranged for a solution for the same." Under the proposed terms, Swissdigital would pay Defendants a minimum of $1,150,000 over three years. Mr. Li rejected this proposal.

24.     On or about July 9, 2020, Mr. Parekh again messaged Mr. Li. Mr. Parekh threatened that he would send and/or had sent messages to Swissdigital's U.S. customers and distributors, including Amazon and Costco, notifying them of the alleged infringement of the '225 Patent by Swissdigital. Specifically, Mr. Parekh stated: "My legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold."

25.     On or about July 11, 2020, after Plaintiff filed this action, Mr. Li and Mr. Parekh had a phone conversation during which Mr. Li Informed Mr. Parekh of the pendency of this action and discussed reaching a settlement. Immediately following their phone conversation, Mr. Li emailed Defendants a brief summary of Swissdigital's position and a copy of the original Complaint (ECF No. 1).

26.     On or about July 16, 2020, Mr. Li and Mr. Parekh had two additional phone conversations during which they discussed the pendency of this action. Mr. Parekh proposed a

revised settlement and licensing agreement, seeking less money than he did in his July 8, 2020 proposal.  Mr. Li rejected this proposal.

27. Following the July 16, 2020 phone conversations, communications between the parties broke down, and Defendants became unresponsive.

28. On information and belief, Avon has targeted advertising efforts at U.S. customers by advertising EUME brand backpacks in U.S. magazines, websites, social media, and television networks, including but not limited to: Travel + Leisure, Medium, Business Insider, and ABC's Good Morning America.  Defendants have also raised funds for their massager bag on the New York-based funding platform Kickstarter.

29. On information and belief, Avon's EUME brand has an Amazon Store, where it features massager backpacks that Defendants claim are covered by the '225 Patent.  Avon's EUME brand Amazon Store also sells bag and luggage products that infringe the '071 Patent, including but not limited to the EUME Barret Laptop Bag and the EUME Genx Massager Bag (collectively, the "Accused Bags").  On information and belief, Avon avails itself of Amazon's services for sellers in the United States.

30. On Avon's EUME brand Amazon Store, Avon advertises that the Accused Bags include "2 Port USB Charging" that allows for "Charging your Devices on the go."  Avon further instructs that, "with the help of the power bank which is placed inside the bag," the USB charging port "offers convenient charging of your electronic device like phones, tablet and music player."  Inside the Accused Bags, there is a "power bank pocket," a placing space for placing a power storage device inside the bag.

31. On Avon's EUME brand Amazon Store, Avon provides the following instructions for using the USB charging port of the Accused Bags to charge electronic devices:



32.     On Avon's EUME brand Amazon Store, a promotional video[2] depicts the USB charging port of the Accused Bags, a placing space for placing a power storage device inside the bag, and an individual using the USB charging port to charge a cellular phone, as shown in the following images:

---

[1] https://www.amazon.com/EUME-Massager-Laptop-Backpack-Charging/dp/B07G5G4WNY?ref_=ast_sto_dp&th=1.
[2] https://www.amazon.com/stores/EUME/page/D3A998D4-D260-409A-B8B9-FC913FA8F942?ref_=ast_bln.







33.     On information and belief, Avon's EUME brand products purchased from its Amazon Store, including the Accused Bags, prominently feature a label attached to the bag with Avon's address and other contact information.

## COUNT ONE
### Infringement of U.S. Patent No. 10,574,071

34.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1–33 herein.

35.     Plaintiff asserts this claim for patent infringement against Avon.

36.     Pursuant to 35 U.S.C. § 271(a), Avon has directly infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent by making, importing, using, offering to sell, and/or selling in the United States, including in this District, luggage products, including but not limited to the Accused Bags, that incorporate a USB charging port and a placing space for placing a power storage device inside the bag for convenient charging of electronic devices.

37. In violation of 35 U.S.C. § 271(b), Avon has infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent indirectly by knowingly and intentionally inducing, causing, urging, encouraging, aiding, and abetting the infringement of the '071 Patent claim by third parties, including its distributors and/or customers.

38. Avon has done so by affirmative acts, including but not limited to selling infringing products, marketing the infringing capabilities of such products, and providing instructions, technical support, and other encouragement for the use of such products.

39. Avon knowingly and specifically intended third parties to infringe at least claim 1 of the '071 Patent. On information and belief, Avon knew of the '071 Patent, performed affirmative acts that constitute induced infringement, and knew or should have known that those acts would induce actual infringement of one or more of the '071 Patent's claims by third parties.

40. On information and belief, Avon had knowledge of the '071 Patent as early as February 25, 2020, when the '071 Patent issued. At the latest, Avon had actual notice of '071 Patent on July 9, 2020, prior to the filing of this action.

41. In violation of 35 U.S.C. § 271(c), Avon has infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent indirectly by contributing to the infringement of at least claim 1 of the '071 Patent. Avon provides its infringing bag and luggage products—a staple article—to (1) U.S. distributors who, in turn, offer to sell and sell the infringing products; and (2) to U.S. customers who, in turn, use the infringing products.

42. Avon has contributed to the infringement of at least claim 1 of the '071 Patent because it knew that the Accused Bags it offered for sale were infringing and not suitable for substantial non-infringing use.

43. On information and belief, Avon, while fully aware that its Accused Bags infringed one or more of the claims of the '071 Patent, offered to sell, sold, and induced others to buy, use, and sell these infringing products in the United States.

44. As a result of Avon's infringement of the '071 Patent, Plaintiff has suffered monetary losses for which it is entitled to an award of damages that is adequate to compensate Plaintiff for the infringement under 35 U.S.C. § 284, in no event less than a reasonable royalty.

45. On information and belief, Avon's infringement of the '071 Patent has been deliberate, willful, and with full knowledge, or willful blindness to knowledge, of the '071 Patent.

46. Plaintiff has suffered damages in an amount to be determined at trial by reason of Avon's willful infringement of the '071 Patent.

47. The Accused Bags meet each and every element of at least claim 1 of the '071 Patent. The Accused Bags meet the preamble "a bag or luggage for convenient charging, comprising." The Accused Bags are bags for convenient charging, as they include a USB charging port that "offers convenient charging of your electronic device like phones, tablet and music player."

48. The Accused Bags meet the claim element "a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body." The Accused Bags include a placing space, described by Avon as a "power bank pocket," for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag body.

49. The Accused Bags meet the claim element "a USB extension cable having a male connector and a female connector having four sides and an operative end." The Accused Bags

include a USB extension cable with a male connector and a female connector having four sides and an operative end.

50. The Accused Bags meet the claim element "wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space." The male connector of the USB extension cable is inside the Accused Bags and is used to connect to the power storage device in the placing space, described by Avon as a "power bank pocket."

51. The Accused Bags meet the claim element "wherein the female connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet." The female connector of the Accused Bags is retained outside and adjacent to the power cable outlet. Three sides of the female connector are covered by a water proof sheath and provides it in a flat position and is above and covers the power cable outlet. The remaining side is in communication with the bag or luggage body.

52. The Accused Bags meet the claim element "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged." The operative end of the female connector of the Accused Bags is exposed and not covered by the sheath. The operative end of the female connector is fixedly attached to the bag,

and as it is on the exterior of the bag, the bag does not need to be opened to accept a charging interface of a product to be charged.

## COUNT TWO
### Declaration of Non-Infringement of U.S. Patent No. 10,561,225

53. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–52 herein.

54. As a result of the acts described in the foregoing paragraphs, there exists an actual controversy of sufficient immediacy and reality, within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, to warrant the issuance of a declaratory judgment that the claims of the '225 Patent are not infringed.

55. Each independent claim of the '225 Patent (claims 1 and 10) requires that an infringing product includes at least two "comfort plate[s]" ("said first comfort plate" and "said second comfort plate") each having "at least one detachable massaging unit."

56. Plaintiff sells six backpacks with massage functionality: the Swissdigital Zion Massage Backpack; the Swissdigital Pearl Rose Massage Backpack; the Swissdigital Neptune Massage Backpack; the Swissdigital Katy Rose Massage Backpack; the Swissdigital Empere Massage Backpack; and the Swissdigital Cosmo 3.0 Massaging Travel Backpack (collectively, the "Swissdigital Massage Backpacks").

57. None of the Swissdigital Massage Backpacks have detachable massaging units. Each Swissdigital Massage Backpack includes massage components that are sewn into the body of the backpack and into the straps such that the massage components cannot be detached or adjusted. Images of each Swissdigital Massage Backpack and their massage components are identified in the following chart:

| Swissdigital Backpack | Images of non-detachable massage components |
|---|---|
| Swissdigital Zion Massage Backpack | |

| Swissdigital Pearl Rose Massage Backpack |  |

| Swissdigital Neptune Massage Backpack |  |

| | |
|---|---|
| Swissdigital Katy Rose Massage Backpack | |
| Swissdigital Empere Massage Backpack | |



| Swissdigital Cosmo 3.0 Massaging Travel Backpack |  |

58.     Plaintiff does not infringe any claim of the '225 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents, at least because the Swissdigital Massage Backpacks do not include any "comfort plate[s]" each having "at least one detachable massaging unit" as required by the '225 Patent.

59.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff requests a declaration by the Court that Plaintiff has not infringed and does not infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and enforceable claims of the '225 Patent under 35 U.S.C. § 271.

## COUNT THREE
### Declaration of Invalidity of U.S. Patent No. 10,561,225

60. Plaintiff incorporates by reference the allegations set forth in paragraphs 1–59 herein.

61. As a result of the acts described in the foregoing paragraphs, there exists an actual controversy of sufficient immediacy and reality, within the meaning of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* to warrant the issuance of a declaratory judgment as to the validity of the claims of the '225 Patent.

62. The claims of the '225 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 1, *et seq.*, including without limitation §§ 102, 103, and 112.

63. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Plaintiff requests a declaration by the Court that the claims of the '225 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 1, *et seq.*, including without limitation §§ 102, 103, and 112 and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

Wherefore, Swissdigital prays that this Court enter judgment against Defendants and in favor of Plaintiff:

A. Declaring that Swissdigital is the exclusive owner of all rights and interest in and to United States Patent No. 10,574,071, together with all rights to sue and to recover under such patent for past infringement thereof;

B. Declaring that United States Patent No. 10,574,071 is valid and enforceable in law and that Avon has infringed said patent;

C. Awarding to Swissdigital its damages caused by Avon's infringement of United States Patent No. 10,574,071;

D. Declaring that Avon's infringement has been willful and said damages be trebled pursuant to 35 U.S.C. § 284;

E. Declaring that this is an exceptional case and awarding to Swissdigital its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

F. Declaring that Swissdigital does not infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 10,561,225, either literally or under the doctrine of equivalents;

G. Declaring that the claims of U.S. Patent No. 10,561,225 are invalid; and

H. Awarding to Swissdigital such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury for all issues triable by jury.

Dated: September 12, 2024

                                                Respectfully submitted,

                                                */s/ Dariush Keyhani*
                                                Dariush Keyhani
                                                **KEYHANI LLC**
                                                1050 30th Street NW
                                                Washington, DC 20007
                                                Phone: (202) 748-8950
                                                dkeyhani@keyhanillc.com

                                                *Attorneys for Plaintiff Swissdigital USA Co., Ltd.*