IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION

---------------------------------------------

Swissdigital USA Co., Ltd.,

       Plaintiff,

v.

Avon Lifestyle Pvt. Ltd. and

Naina Parekh,

       Defendants.

---------------------------------------------

JURY TRIAL DEMANDED

Case No.: 1:20-cv-870-LJV


**PLAINTIFF SWISSDIGITAL USA CO., LTD.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS SECOND MOTION FOR DEFAULT JUDGMENT**

## **TABLE OF CONTENTS**

**Page**

PROCEDURAL HISTORY.................................................................................................1

ARGUMENT....................................................................................................................3

I.   The Court Should Enter Default Judgment Against Defendants..............................3

   A.   Defendants' Default Has Been Willful....................................................4

   B.   Defendants Lack Any Meritorious Defense to Swissdigital's Allegations,
        Which Establish Defendants' Liability....................................................5

      1.   Swissdigital's Allegations State a Valid Claim for Declaratory
           Judgment of Non-Infringement of the '225 Patent..........................6

      2.   Swissdigital's Allegations State a Valid Claim for Infringement
           of the '071 Patent......................................................................10

   C.   Swissdigital Will Suffer Significant Prejudice If Its Second Motion
        for Default Judgment Is Denied.............................................................13

II.  The Court Should Grant Swissdigital's Requested Relief....................................13

   A.   Swissdigital Is Entitled to a Permanent Injunction................................14

   B.   Swissdigital Is Entitled to an Award of Attorneys' Fees and Costs........................15

CONCLUSION...............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc.*, No. 18-CV-6040-FPG,
2019 U.S. Dist. LEXIS 50628 (W.D.N.Y. Mar. 26, 2019).......................................................14

*Au Bon Pain Corp. v. Artect, Inc.*,
653 F.2d 61 (2d Cir. 1981)..........................................................................................................5

*Carden v. Debt Mgmt. Partners, LLC*, No. 20-CV-679JLS(F),
2022 U.S. Dist. LEXIS 14543 (W.D.N.Y. Jan. 26, 2022).........................................................13

*City of New York v. Mickalis Pawn Shop, LLC*,
645 F.3d 114 (2d Cir. 2011).........................................................................................................3

*Goodyear Tire & Rubber Co. v. Releasomers, Inc.*,
824 F.2d 953 (Fed. Cir. 1987)......................................................................................................6

*Granite Music Corp. v. Ctr. St. Smoke House, Inc.*,
786 F. Supp. 2d 716 (W.D.N.Y 2011).......................................................................................14

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
973 F.2d 155 (2d Cir. 1992).......................................................................................................13

*Honda Power Equip. Mfg. Co. v. Woodhouse*,
219 F.R.D. 2 (D.D.C. 2003).......................................................................................................10

*Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT),
2014 U.S. Dist. LEXIS 130628 (E.D.N.Y. Sept. 16, 2014)...............................................3, 4, 5

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
312 U.S. 270 (1941)......................................................................................................................6

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007)......................................................................................................................6

*Micron Tech. Inc. v. MOSAID Techs. Inc.*,
518 F.3d 897 (Fed. Cir. 2008)......................................................................................................6

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
339 U.S. 306 (1950)......................................................................................................................4

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014)....................................................................................................................15

*Pecarsky v. Galaxiworld.com, Ltd.*,
249 F.3d 167 (2d Cir. 2001).........................................................................................................3

*Shoom, Inc. v. Elec. Imaging Sys. of Am., Inc.*, No. C-07-05612 JCS,
2008 U.S. Dist. LEXIS 139699 (N.D. Cal. April 8, 2008).......................................................10

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*,
    655 F.3d 1364 (Fed. Cir. 2011)................................................................7, 10, 13

*Tentandtable.com, LLC v. Gorilla Bounce LLC*, No. 21-CV-1318-LJV,
    2023 U.S. Dist. LEXIS 35985 (W.D.N.Y. Mar. 3, 2023)............................3, 4, 5, 14

*Tomita Techs. USA, LLC v. Nintendo Co.*,
    681 F. App'x 967 (Fed. Cir. 2017)...........................................................7, 10, 13

**Rules**

Fed. R. Civ. P. 54......................................................................................................2

Fed. R. Civ. P. 55......................................................................................................3

Loc. Pat. R. 3.1........................................................................................................10

Loc. Pat. R. 3.2........................................................................................................10

Loc. R. Civ. P. 55......................................................................................................3

**Statutes**

28 U.S.C. § 2201......................................................................................................6

35 U.S.C. § 271.......................................................................................................10

35 U.S.C. § 285...................................................................................................2, 15

Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital" or "Plaintiff"), submits this Memorandum of Law in Support of Its Second Motion for Default Judgment against Defendants Avon Lifestyle Pvt. Ltd. ("Avon") and Naina Parekh ("Ms. Parekh") (collectively, "Defendants"). Swissdigital hereby incorporates by reference its memorandum of law in support of its prior motion for default judgment, together with the supporting evidence relied upon therein, *see* Mem. Supp., ECF No. 12, and provides the following additional briefing in support of default judgment.

## PROCEDURAL HISTORY

Swissdigital commenced this action on July 10, 2020. *See* Compl., ECF No. 1. Swissdigital provided Defendants with actual notice of this lawsuit and attempted to effect service on Defendants pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. *See* Resp. Order to Show Cause, ECF No. 8. On April 3, 2023, this Court found that "Swissdigital has complied with the requirements of the Hague Convention" and "Swissdigital's efforts to serve [D]efendants satisfied the due process clause." Text Order, ECF No. 9.

Defendants failed to plead or defend, and on April 4, 2023, the Clerk of Court entered a default against them. Entry of Default, ECF No. 10. Swissdigital then moved for default judgment. Mot. Default J., ECF No. 11; *see also* Mem. Supp., ECF No. 12. In its August 6, 2024 Decision and Order, the Court denied Swissdigital's motion without prejudice, noting that Swissdigital attached the incorrect patent to its Complaint and failed to plead facts in its Complaint that Swissdigital relied on in its memorandum of law. Decision & Order 1, 3–4, ECF. No. 15. The Court allowed Swissdigital to amend its Complaint and move for a default judgment a second time. *Id.* at 5.

1

Swissdigital filed its Amended Complaint on September 12, 2024.  *See* Am. Compl., ECF No. 17.  The Amended Complaint includes claims for: (1) declaratory judgment that Swissdigital's offer to sell and sale of its Swissdigital Zion Massage Backpack, Swissdigital Pearl Rose Massage Backpack, Swissdigital Neptune Massage Backpack, Swissdigital Katy Rose Massage Backpack, Swissdigital Empere Massage Backpack, and Swissdigital Cosmo 3.0 Massaging Travel Backpack (collectively, the "Swissdigital Massage Backpacks") do not constitute patent infringement of any claim of U.S. Patent No. 10,561,225 ("the '225 Patent"); and (2) patent infringement of Swissdigital's U.S. Patent No. 10,574,071 ("the '071 Patent") by Avon's offer to sell and sale of its EUME Barret Laptop Bag and the EUME Genx Massager Bag (collectively, the "Accused Bags").[1]  *See id.*

Now, Swissdigital again seeks an entry of judgment by default from this Court.  *See* 2d Mot. Default J., ECF No. 18.  Swissdigital respectfully requests that this Court (1) declare that Swissdigital does not infringe either directly or indirectly any valid and enforceable claim of the '225 Patent, either literally or under the doctrine of equivalents; (2) permanently enjoin Avon from further infringing the '071 Patent, including by selling or offering to sell Avon's bag or luggage products that incorporate a USB charging port and a placing space for a power storage device inside the bag or luggage product for convenient charging of electronic devices; and (3) enter a judgment of reasonable attorneys' fees and costs (an accounting of which will later be provided) against Defendants under Federal Rule of Civil Procedure 54(d)(1)–(2) and 35 U.S.C. § 285.

---

[1]  Swissdigital's Amended Complaint includes a third count, which seeks the issuance of declaratory judgment that the claims of the '225 Patent are invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 1, *et seq.*, including §§ 102, 103, and 112.  *See* Am. Compl. ¶¶ 3, 60–63, ECF No. 17.  In light of Defendants' default and failure to act on their threats of legal action, Swissdigital is willing to withdraw Count Three.

## ARGUMENT

### I.    The Court Should Enter Default Judgment Against Defendants.

The Court should enter default judgment against Defendants because Swissdigital meets the procedural and substantive prerequisites for obtaining default judgment.

Federal Rule of Civil Procedure 55 permits courts to enter a judgment by default against a party who has "failed to plead or otherwise defend." Fed. R. Civ. P. 55. Parties must first secure a clerk of court's entry of default before moving the court for an entry of default judgment. Fed. R. Civ. P. 55(a); Loc. R. Civ. P. 55. In this District, an application for an entry of default judgment must "reference and include the docket numbers of the Clerk's Entry of Default and the pleading to which no response has been made." Loc. R. Civ. P. 55(b)(2).

When determining whether to grant default judgment, courts in the Second Circuit consider "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to [the] plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Tentandtable.com, LLC v. Gorilla Bounce LLC*, No. 21-CV-1318-LJV, 2023 U.S. Dist. LEXIS 35985, at *5 (W.D.N.Y. Mar. 3, 2023) (alteration in original) (quoting *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258(JS)(AKT), 2014 U.S. Dist. LEXIS 130628, at *5 (E.D.N.Y. Sept. 16, 2014)); *see also Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001). Courts must also determine "whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *5 (alteration in original) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)).

Here, Swissdigital has satisfied the procedural requirements for obtaining default judgment. Swissdigital has secured the Clerk of Court's Entry of Default against Defendants and

has complied with this District's rule by referencing the Entry of Default (ECF No. 10), the Complaint (ECF No. 1), and the Amended Complaint (ECF No. 17) in its Second Motion for Default Judgment.  *See* 2d Mot. Default J., ECF No. 18.

Likewise, Swissdigital meets the substantive prerequisites to obtain default judgment.  As discussed below, (1) Defendants' default has been willful; (2) Defendants lack any meritorious defense to Swissdigital's allegations, which establish Defendants' liability; and (3) Swissdigital will suffer significant prejudice if its Second Motion for Default Judgment is denied.

### A.    Defendants' Default Has Been Willful.

Defendants' default has been willful; Defendants have failed to appear or respond to Swissdigital's Complaint and Amended Complaint despite receiving actual notice of this lawsuit. A defendant's "failure to appear, failure to respond to the [c]omplaint, and failure to respond to the instant motion sufficiently demonstrate willfulness."  *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *7 (quoting *Krevat*, 2014 U.S. Dist. LEXIS 130628, at *6).

Swissdigital provided Defendants actual notice apprising them of the pendency of this action on several occasions, affording Defendants ample opportunity to plead or defend.  *See* Am. Compl. ¶¶ 25–26; Resp. Order to Show Cause 2, ECF No. 8 (detailing specific instances of actual notice).  This Court found that Swissdigital's efforts were "reasonably calculated, under all the circumstances to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections."  Text Order, ECF No. 9 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  Further, Swissdigital has diligently kept Defendants apprised of every development in this lawsuit.  *See* Resp. Order to Show Cause 4–5, ECF No. 8 (detailing Swissdigital's efforts); July 18, 2022 Certificate of Service, ECF No. 8-11;

April 26, 2024 Certificate of Service, ECF No. 14; August 6, 2024 Certificate of Service, ECF No. 16; September 12, 2024 Certificates of Service, ECF Nos. 17-3, 18-1.

Accordingly, Defendants' choice to ignore Swissdigital's Complaint and Amended Complaint demonstrates willful conduct, which weighs in favor of granting default judgment.

### B.   Defendants Lack Any Meritorious Defense to Swissdigital's Allegations, Which Establish Defendants' Liability.

Defendants lack any meritorious defense to Swissdigital's allegations that (1) the Swissdigital Massage Backpacks do not infringe any claim of the '225 Patent; and (2) Avon has infringed the '071 Patent by selling, offering to sell, and inducing others to buy, use, and sell its Accused Bags.

To have a meritorious defense, a defendant must "present evidence of facts that, if proven at trial, would constitute a complete defense." *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *5–6 (quoting *Krevat*, 2014 U.S. Dist. LEXIS 130628, at *6). But "[w]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.* at *6.

Here, Defendants lack any meritorious defense to Swissdigital's claims and have failed to answer Swissdigital's Complaint and Amended Complaint—despite receiving actual notice of this lawsuit. These circumstances weigh in favor of granting a default judgment.

Furthermore, Swissdigital's allegations in its Amended Complaint establish Defendants' liability. When determining whether a plaintiff's allegations establish a defendant's liability as a matter of law, courts "accept[] the factual allegations in the complaint as true and determine[] whether the alleged facts state a valid claim for relief." *Id.* at *4 (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).

In its Amended Complaint, Swissdigital's allegations state a valid claim for: (1) declaratory judgment of non-infringement of the '225 Patent; and (2) infringement of the '071 Patent.

### 1.   Swissdigital's Allegations State a Valid Claim for Declaratory Judgment of Non-Infringement of the '225 Patent.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  The "actual controversy" requirement is satisfied where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  In patent cases, "[t]he purpose of the Declaratory Judgment Act . . . is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights."  *Micron Tech. Inc. v. MOSAID Techs. Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008) (quoting *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956 (Fed. Cir. 1987)).

In its Amended Complaint, Swissdigital pleads facts that show a case of actual controversy.  The Amended Complaint references numerous messages over the WeChat application made by Mr. Parekh, a managing director of Avon, to Mr. Li, the owner of Swissdigital, threatening imminent legal action and interference with Swissdigital's U.S. customers and distributors.  *See* Am. Compl. ¶ 19, ECF No. 17 ("[W]e will be taking the necessary action, legally, for the same."); *id.* at ¶ 20 ("[R]emove all listings from the market. . . . [Avon] will be writing to [U.S. distributors Amazon and Costco] next week if we don't receive any update from your end."); *id.* at ¶ 21 ("[Avon] will not be taking this lightly. . . . [T]he only way to amicably solve this will be for you to send us your response . . . and discontinue selling this product."); *id.* at ¶ 24 ("My

legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold."). The Amended Complaint also references Avon's proposed settlement and licensing agreement for Swissdigital's sale of massager backpacks that purportedly practice the '225 Patent. *Id.* at ¶ 23 (demanding a minimum payment of $1,150,000 over three years). Under these circumstances, there "exists an actual and judiciable controversy of sufficient immediacy and reality" between Swissdigital and Defendants "to warrant the issuance of a declaratory judgment that the claims of the '225 Patent are not infringed." *Id.* at ¶ 54.

Furthermore, Swissdigital's Amended Complaint sufficiently alleges that Swissdigital does not infringe the '225 Patent because Swissdigital does not sell and has not sold or offered to sell any products that include "a detachable massaging unit" as required by each independent claim of the '225 Patent. *See id.* at ¶¶ 55–58. "To prove infringement, a [party] must prove the [literal] presence of each and every claim element or its equivalent" in the accused product. *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1378 (Fed. Cir. 2011) (citation omitted); *see also Tomita Techs. USA, LLC v. Nintendo Co.*, 681 F. App'x 967, 970 (Fed. Cir. 2017).

The '225 Patent is titled "Adaptable backpack." Am. Compl. ¶ 17, ECF No. 17; '225 Patent, ECF No. 17-2. The specification describes the invention as "relat[ing] to an adaptable backpack which provides massaging effect to a user by way of **one or more moveably adjusted detachable massaging units** as per the height or desire of the user." '225 Patent col. 1 l. 14, ECF No. 17-2 (emphasis added). The specification describes an object of the invention as "provid[ing] an adaptable backpack for providing massaging effect to a user by way of **movably adjusted detachable massaging units**." *Id.* at col. 2 l. 26 (emphasis added). The claim language of the

two independent claims (claims 1 and 10) of the '225 Patent and relevant elements not practiced

by Swissdigital (in bold) are below:

> 1. An adaptable backpack (1000), comprising:
>
> a housing (100) having a front surface (110), a back surface (120), a pair of opposed side surfaces (130, 140), a top surface (150) and a bottom surface (160), said back surface (120) having at least two pairs of opposed extremities (120 *a*, 120 *b*);
>
> a first comfort plate (200) detachably coupled with said pair of opposed extremities (120 *a*) of said back surface (120) thereby forming openings (O, O′) towards other pair of opposed extremities (120 *b*) and thereby configuring an enclosure, **said first comfort plate (200) having at least one detachable massaging unit (210)**; and
>
> a second comfort plate (300) disposed within said enclosure such that a portion of said second comfort plate (300) extends through said first comfort plate (200) at said opposed extremities (120 *b*), **said second comfort plate (300) having at least one detachable massaging unit (310)**,
>
> a pair of straps (320), each of said straps (320) coupled with an upper portion of said second comfort plate (300) at one end and a bottom portion of said housing (100) at other end,
>
> at least one length adaptable member (330) coupled with a lower portion of said second comfort plate (300) and configured to control movement of said second comfort plate (300) along a longitudinal direction within said enclosure configured by the first comfort plate (200).

*Id.* at col. 9 l. 60 (emphasis added).

> 10. A method of adjusting at least one detachable massaging unit of an adaptable backpack (1000), the method comprising:
>
> providing a housing (100) of said adaptable backpack (1000) having a front surface (110), a back surface (120), a pair of opposed side surfaces (130, 140), a top surface (150) and a bottom surface (160), said back surface (120) having at least two pairs of opposed extremities (120 *a*, 120 *b*);

8

> detachably coupling a first comfort plate (200) with said pair of opposed extremities (120 *a*) of said back surface (120) thereby forming openings (O, O′) towards other pair of opposed extremities (120 *b*) and thereby configuring an enclosure, **said first comfort plate (200) having at least one detachable massaging unit (210)**;
>
> inserting a second comfort plate (300) within said enclosure such that a portion of said second comfort plate (300) extends through said first comfort plate (200) at said opposed extremities (120 *b*), **said second comfort plate (300) having at least one detachable massaging unit (310)**, at least one length adaptable member (330) coupled with a lower portion of said second comfort plate (300); and
>
> controlling movement of said second comfort plate (300) along a longitudinal direction within said enclosure by said at least one length adaptable member (330) thereby adjusting placement of said at least one detachable massaging unit (310) of said second comfort plate (300) as per the height of a user.

*Id.* at col. 10 l. 62 (emphasis added).  Each independent claim requires that an infringing product includes at least two "comfort plate[s]" ("said first comfort plate" and "said second comfort plate") each having "at least one detachable massaging unit."

Swissdigital sells six backpacks with massage functionality: the Swissdigital Zion Massage Backpack; the Swissdigital Pearl Rose Massage Backpack; the Swissdigital Neptune Massage Backpack; the Swissdigital Katy Rose Massage Backpack; the Swissdigital Empere Massage Backpack; and the Swissdigital Cosmo 3.0 Massaging Travel Backpack.  Am. Compl. ¶ 56, ECF No. 17.  None of the massage units included in these backpacks are detachable.  *Id.* at ¶ 57.  Each Swissdigital Massage Backpack includes massage components that are sewn into the body of the backpack and straps and cannot be detached or adjusted.  *Id.* (providing images of each Swissdigital Massage Backpack and their non-detachable massage components).  Because none of Swissdigital's products include a "first comfort plate having at least one detachable massaging unit" or a "second comfort plate having at least one detachable massage unit," Swissdigital has not and does not infringe any claims of the '225 Patent.

Additionally, Swissdigital lacks Defendants' Disclosure of Asserted Claims and Infringement Contentions and the accompanying document production required by Local Patent Rules 3.1 and 3.2. In similar situations where a patent owner defaults, courts have found allegations of non-infringement sufficient "without further proof of [the plaintiff's] claims of non-infringement." *See, e.g.*, *Shoom, Inc. v. Elec. Imaging Sys. of Am., Inc.*, No. C-07-05612 JCS, 2008 U.S. Dist. LEXIS 139699, at *15 (N.D. Cal. April 8, 2008) (entering default judgment on declaratory judgment claim of non-infringement based on allegation of non-infringement and supporting declaration); *see also Honda Power Equip. Mfg. Co. v. Woodhouse*, 219 F.R.D. 2, 6 (D.D.C. 2003) (entering default judgment on declaratory judgment claim of invalidity based on allegations in the complaint without further proof where defendant willfully failed to respond). Nevertheless, Swissdigital does not infringe any claim of the '225 Patent because Swissdigital does not sell and has not sold or offered to sell any products that include "a detachable massaging unit." Accordingly, declaratory judgment of non-infringement is proper.

### 2. Swissdigital's Allegations State a Valid Claim for Infringement of the '071 Patent.

Anyone who offers to sell or sells a patented invention within the United States during the term of the patent therefor infringes the patent. 35 U.S.C. § 271(a). Again, "[t]o prove infringement, a [party] must prove the [literal] presence of each and every claim element or its equivalent" in the accused product. *Star Sci., Inc.*, 655 F.3d at 1378 (citation omitted); *see also Tomita Techs. USA, LLC*, 681 F. App'x at 970.

Swissdigital's Amended Complaint alleges precisely that—that each and every claim element of at least claim 1 of the '071 Patent is literally present in Avon's Accused Bags. *See* Am. Compl. ¶¶ 47–52, ECF No. 17; *see also* '071 Patent col. 5 l. 51, ECF No. 17-1. The Amended Complaint alleges that the Accused Bags are advertised as including "2 Port USB Charging" that

allows for "Charging your Devices on the go." Am. Compl. ¶ 30, ECF No. 17. Further, Avon instructs that, "with the help of the power bank which is placed inside the bag," the USB charging port "offers convenient charging of your electronic devices like phones, tablet and music player." *Id.* Inside the Accused Bags, there is a "power bank pocket," a placing space for placing a power storage device inside the bag. *Id.*

The Accused Bags meet the preamble "a bag or luggage for convenient charging, comprising," as they include a USB charging port that "offers convenient charging of your electronic device like phones, tablet and music player." *Id.* at ¶¶ 30, 47. The Accused Bags meet the claim element "a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body," as they include a placing space, described by Avon as a "power bank pocket," for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag body. *Id.* at ¶¶ 30, 48; *see also id.* at ¶ 32 (depicting a power cable outlet and a placing space). The Accused Bags meet the claim element "a USB extension cable having a male connector and a female connector having four sides and an operative end," as they include a USB extension cable with a male connector and a female connector having four sides and an operative end. *Id.* at ¶ 49; *see also id.* at ¶ 31 (depicting the male connector of the USB extension cord); *id.* at ¶ 32 (depicting the female connector of the USB extension cord having four sides and an operative end). The Accused Bags meet the claim element "wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space," as the male connector of the USB extension cable is inside the Accused Bags and is used to connect to the power storage device in the placing space. *Id.* at ¶ 50; *see also id.* at ¶ 31 (describing the male connector of the USB extension cable as "[i]nside the bag" and instructing

users to "keep this wire connected to the powerbank").  The Accused Bags meet the claim element "wherein the female connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet," as the female connector of the Accused Bags is retained outside and adjacent to the power cable outlet, three sides of the female connector are covered by a water proof sheath that provides it in a flat position and is above and covers the power cable outlet, and the remaining side is in communication with the bag or luggage body.  *Id.* at ¶ 51; *see also id.* at ¶ 32 (depicting the female connector outside and adjacent to the power cable outlet with one side in communication with the bag body and three sides covered by a water proof sheath that protects it and provides it in a flat position).  The Accused Bags meet the claim element "wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged," as the operative end of the female connector of the Accused Bags is exposed and not covered by the sheath, it is fixedly attached to the bag, and, because it is on the exterior of the bag, the bag does not need to be opened to accept a charging interface of a product to be charged.  *Id.* at ¶ 52; *see also id.* at ¶ 31 (depicting the bag accepting a charging interface of a cellular phone while the bag is closed); *id.* at ¶ 32 (depicting the operative end of the female connector exposed and not covered by the sheath and fixedly attached to the exterior of the bag).

Because the Accused Bags have these described properties, they meet each claim element of claim 1 of the '071 Patent and therefore infringe.  *See Star Sci., Inc.*, 655 F.3d at 1378; *Tomita Techs. USA, LLC*, 681 F. App'x at 970.  As such, declaratory judgment of infringement is proper.

### C.    Swissdigital Will Suffer Significant Prejudice If Its Second Motion for Default Judgment Is Denied.

Having already spent more than four years attempting to resolve this matter, Swissdigital will suffer significant prejudice if its Second Motion for Default Judgment is denied.  Without default judgment, Swissdigital may be exposed to renewed threats by Avon of imminent legal action and interference with Swissdigital's non-infringing business activities.  And despite having actual notice of infringement, Avon's deliberate, willful infringement has continued throughout the pendency of this case; the Accused Bags have been and continue to be offered for sale and/or sold in the United States from Avon's EUME brand Amazon store.[2]  Avon's infringing products directly compete with Swissdigital's own products embodying the '071 Patent, and Swissdigital may be forced to relitigate its infringement claim if its Second Motion for Default Judgment is denied.  For these reasons, the Court should enter default judgment against Defendants.

## II.    The Court Should Grant Swissdigital's Requested Relief.

The Court should grant Swissdigital's requested relief because Swissdigital's allegations and Defendants' default adequately support the relief sought.  "Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought."  *Carden v. Debt Mgmt. Partners, LLC*, No. 20-CV-679JLS(F), 2022 U.S. Dist. LEXIS 14543, at *7 (W.D.N.Y. Jan. 26, 2022) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

---

[2] https://www.amazon.com/stores/EUME/page/D3A998D4-D260-409A-B8B9-FC913FA8F942?ref_=ast_bln.

In this case, Swissdigital is entitled to (1) a permanent injunction; and (2) an award of attorneys' fees and costs.

**A.      Swissdigital Is Entitled to a Permanent Injunction.**

On a motion for default judgment, courts may issue an injunction "provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Tentandtable.com, LLC*, 2023 U.S. Dist. LEXIS 35985, at *4 (quoting *Am. Auto. Ass'n, Inc. v. AAA Logistics, Inc.*, No. 18-CV-6040-FPG, 2019 U.S. Dist. LEXIS 50628, at *4 (W.D.N.Y. Mar. 26, 2019)).  A party meets the prerequisites for the issuance of an injunction if it shows "(1) that i[t] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at *18 (quoting *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 729 (W.D.N.Y 2011)).

Here, Defendants have deliberately ignored this lawsuit and have failed to appear and defend the Accused Bags, while Avon continues to sell its infringing products that directly compete with Swissdigital's own products embodying the '071 Patent.  And given Defendants' unwillingness to engage in the judicial process, damages will be difficult to quantify and recover. In the absence of an injunction, Swissdigital may be forced to relitigate its infringement claim after already spending more than four years attempting to resolve this matter and end Avon's infringing conduct.  Lastly, the public interest weighs in favor of an injunction because the public has an interest in protecting patentees' rights such that innovation is incentivized and the judicial process

is respected.  Accordingly, the Court should enjoin and restrain Avon from further infringing the '071 Patent.

### B.      Swissdigital Is Entitled to an Award of Attorneys' Fees and Costs.

The Patent Act authorizes courts to award attorney fees to the prevailing party in "exceptional cases."  35 U.S.C. § 285.  An exceptional case "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  Courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (internal quotation marks and citation omitted).

This case is exceptional because, as Swissdigital has alleged, Avon's infringement of the '071 Patent has been deliberate and willful. *See* Am. Compl. ¶ 45, ECF No. 17.  Avon's infringing conduct has continued throughout the pendency of this case despite having actual notice of infringement, and Defendants have failed to appear and defend the Accused Bags.  Moreover, Avon made its threats of imminent legal action and interference with Swissdigital's U.S. customers and distributors in bad faith, as evidenced by their refusal to engage in the judicial process.  Accordingly, the Court should award Swissdigital its attorneys' fees and costs.

### <u>CONCLUSION</u>

For the foregoing reasons, Swissdigital is entitled to relief that will: (1) cease Defendants' threats of legal action and interference with Swissdigital's business; and (2) prohibit Defendants from continuing to infringe the '071 Patent.  Accordingly, Swissdigital respectfully requests that this Court enter judgment in its favor against Defendants on Count One and Count Two of the Amended Complaint and grant Swissdigital the following relief:

1.      Declare that Swissdigital does not infringe either directly or indirectly any valid and enforceable claim of the '225 Patent, either literally or under the doctrine of equivalents.

2.      Enjoin and restrain Avon from further infringing the '071 Patent, including selling or offering to sell Avon's bag or luggage products that incorporate a USB charging port and a placing space for a power storage device inside the bag or luggage product for convenient charging of electronic devices.

3.      Order Defendants to pay Swissdigital the costs of suit and Swissdigital's reasonable attorneys' fees, an accounting of which will later be provided, in accordance with Federal Rule of Civil Procedure 54(d)(1)–(2) and 35 U.S.C. § 285.

4.      Award such other and further relief as the Court deems just and proper.


Dated: September 12, 2024

                                        Respectfully submitted,

                                        */s/ Dariush Keyhani*
                                        Dariush Keyhani
                                        **KEYHANI LLC**
                                        1050 30th Street NW
                                        Washington, DC 20007
                                        Phone: (202) 748-8950
                                        dkeyhani@keyhanillc.com

                                        *Attorneys for Plaintiff Swissdigital USA Co., Ltd.*