UNITED STATES DISTRICT COURT FILED AUG 2 7 2026 ANDREW W. MOELLER, CLERK WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SWISSDIGITAL USA CO., LTD.,

Plaintiff,

-v-

AVON LIFESTYLE PVT. LTD. AND NAINA PAREKH,

Defendants.

1:20-CV-00870-LJV-MJR

REPORT AND RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, to hear and report on dispositive motions for consideration by the District Court. (Dkt. No. 27). Before the Court is Plaintiff Swissdigital USA Co., Ltd. ("Swissdigital")'s Third Motion for Default Judgment against Defendants Avon Lifestyle Pvt. Ltd. ("Avon") and Naina Parekh ("Parekh") (collectively, "Defendants"). (Dkt. No. 23). For the following reasons, it is recommended that Swissdigital's motion be granted to the extent indicated below.

## PROCEDURAL BACKGROUND

Swissdigital commenced this patent infringement action on July 10, 2020. (Dkt. No. 1). On May 28, 2021, Swissdigital filed a letter "apprise the Court of its intention to move for default judgment" and to "request that the Court grant its application for an entry of default." (Dkt. No. 6). Swissdigital explained that, it has "attempted to serve Defendants, who are citizens of India, in accordance with Federal Rule of Civil Procedure

Rule 4 and with the Hague Convention." (*Id.* at 1). On June 3, 2022, Judge Vilardo ordered Swissdigital to show cause why its efforts to effect service satisfy the due process clause of the Constitution. (Dkt. No. 7). Swissdigital responded to the order to show cause on July 18, 2022, and explained how it had provided actual notice of the lawsuit to Defendants. (*See* Dkt. No. 8). On April 3, 2023, Judge Vilardo issued a text order stating that, having reviewed Swissdigital's filings, the Court agrees that Swissdigital's efforts to serve Defendants satisfied the due process clause and, additionally, that Swissdigital has complied with the requirements of the Hague Convention. (*See* Dkt. No. 9). Accordingly, the Court ordered the Clerk of Court to "enter a default against the defendants" and further ordered that "Swissdigital may move for a default judgment." (*Id.*) The clerk's entry of default was docketed the next day, April 4, 2023. (Dkt. No. 10).

On May 9, 2023, Swissdigital moved for default judgment as to its first two claims, namely: (1) its patent infringement claim (Dkt. No. 1 ¶¶ 27-45); and (2) its request for a declaratory judgment that it did not infringe a different patent held by Defendants (*id.* ¶¶ 46-48). (*See* Dkt. Nos. 11-12). No party opposed the motion. On August 1, 2024, Judge Vilardo denied Swissdigital's motion without prejudice on the grounds that Swissdigital apparently attached the incorrect patent to its Complaint—and also failed to plead in its Complaint the facts it relied on in its memorandum of law. (Dkt. No. 15). The Court, however, ordered that Swissdigital may amend its complaint and move for a default judgment within 45 days. (*Id.* at 15).

On September 12, 2024, Swissdigital filed its Amended Complaint, (Dkt. No. 17), seeking recovery "for patent infringement of U.S. Patent No. 10,574,071 ('the '071 Patent') under 35 U.S.C. § 271." (*Id.* ¶ 1). The Amended Complaint also "seeks a

declaratory judgment under 28 U.S.C. §§ 2201 *et seq.* that Plaintiff's sale and offer for sale of its backpacks that include massage functionality do not constitute patent infringement of any claim of U.S. Patent No. 10,561,225 ('the '225 Patent') under 35 U.S.C. § 271." (*Id.* ¶ 2). Lastly, the Amended Complaint "seeks a declaratory judgment that the claims of the '225 Patent are invalid and/or unenforceable." (*Id.* ¶ 3). That same day (September 12, 2024), Swissdigital filed a second motion for default judgment (Dkt. Nos. 18, 19). Judge Vilardo denied that motion on April 3, 2025, without prejudice, on the grounds that Swissdigital never requested the Clerk's entry of default after amending its complaint. (Dkt. No. 20).

Swissdigital thereafter sought, and obtained, the Clerk's entry of default on June 2, and June 3, 2025, respectively. (*See* Dkt. No. 21, 22). And on August 1, 2025, Swissdigital filed the instant third motion for default judgment. (Dkt. No. 23, 24). In the absence of any opposition, Judge Vilardo ordered Defendants to show cause why the third motion for default judgment should not be granted. (Dkt. No. 26). Defendants did not respond to show-cause order, and the time to do so has passed.

## DISCUSSION

### *Legal Standard*

Rule 55 of the Federal Rules of Civil Procedure "provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The "first step is to obtain an entry of default." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). When "a party against whom affirmative relief is sought has failed to plead or otherwise defend, a plaintiff may bring that fact to the court's attention." *Id.* In "such circumstances[,] Rule 55(a) empowers the clerk of court to enter a default." *Id.*

*See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"). The "next step requires the plaintiff to seek a judgment by default under Rule 55(b)." *Id.* Rule 55(b)(1) "allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear." *Id.* In "all other cases[,] Rule 55(b)(2) governs," which "requires a party seeking a judgment by default to apply to the court for entry of a default judgment." *Id.*

An "entry of default does not mean that a default judgment is automatically warranted." *United States v. Premises & Real Prop. With Buildings, Appurtenances, & Improvements at 4240 Wolf Run, Lewiston, New York*, No. 23-CV-27-LJV, 2024 WL 3337823, at *3 (W.D.N.Y. July 8, 2024) (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015)). A party that has defaulted "is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability," *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 576 (W.D.N.Y. 2019) (internal citation omitted), and the non-defaulting party is "entitled to all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 64 (2d Cir. 1981). The Plaintiff seeking a default judgment, however, "bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action." *LG Cap. Funding, LLC v. Accelera Innovations, Inc.*, 2018 WL 5456670, at *4 (E.D.N.Y. Aug. 13, 2018). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce*

*USA*, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (internal citation and quotation marks omitted). *See also JC Hosp. v. Hochberg*, No. 23-CV-2051 (LJL), 2025 WL 3124313, at *5 (S.D.N.Y. Nov. 7, 2025) ("The legal sufficiency of a non-defaulting party's claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the movant's favor") (internal citation and quotation marks omitted).

If a "plaintiff establishes the defendant's liability, courts then consider whether equitable factors favor the entry of a default judgment." *Premises & Real Prop. With Buildings, Appurtenances, & Improvements at 4240 Wolf Run, Lewiston, New York*, 2024 WL 3337823, at *3. The relevant "factors include: (1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Deep Foods Inc.*, 419 F. Supp. 3d at 577 (internal citation and quotation marks omitted). Ultimately, the decision to grant or deny a default motion is "left to the sound discretion of a district court." *Esquivel v. Lima Rest. Corp.*, No. 20CV2914ENVMMH, 2023 WL 6338666, at *3 (E.D.N.Y. Sept. 29, 2023) (quoting *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (internal quotation marks omitted)).

## ***Analysis***

Swissdigital seeks "judgment by default" on its claims as well as an award of "the relief requested." (Dkt. No. 23 ¶ 5). More specifically, Swissdigital "requests that this Court[:] (1) declare that Swissdigital does not infringe either directly or indirectly any valid

and enforceable claim of the '225 Patent, either literally or under the doctrine of equivalents; (2) permanently enjoin Avon from further infringing the '071 Patent, including by selling or offering to sell Avon's bag or luggage products that incorporate a USB charging port and a placing space for a power storage device inside the bag or luggage product for convenient charging of electronic devices; and (3) enter a judgment of reasonable attorneys' fees and costs (an accounting of which will later be provided) against Defendants under Federal Rule of Civil Procedure 54(d)(1)–(2) and 35 U.S.C. § 285." (Dkt. No. 24 at 6-7).[1]

As a preliminary matter, Plaintiff has complied with the procedural prerequisites to obtaining default judgment. *See Falls Lake Nat'l Ins. Co. v. BNH Constr. (NY) Inc.,* No. 24-CV-4244, 2025 WL 925826, at *6 (E.D.N.Y. Mar. 27, 2025) ("A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules" (citing cases)). After filing its Amended Complaint, Swissdigital sought, and obtained, entry of default by the Clerk of Court in accordance with Fed. R. Civ. P. 55(a) and Loc. R. Civ. P. 55(a). (*See* Dkt. Nos. 21, 22). It thereafter moved the Court for default judgment pursuant to Rule 55(b)(2). (*See* Dkt. No. 23, 24). Because the procedural prerequisites have been met, the Court will next assess the substantive requirements.

*Willfulness*

First, the Court considers whether Defendants' default was willful. The Second Circuit has "interpreted 'willfulness, in the context of a default, to refer to conduct that is

[1] Swissdigital states that, "[i]n light of Defendants' default and failure to act on their threats of legal action," it is "willing to withdraw" its third claim. (*See* Dkt. No. 24 at 6 n.2). Accordingly, this Court will limit its consideration the sufficiency of Plaintiff's first and second claims.

more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). *See, e.g., Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996) (default due to filing mistake by defendant's in-house counsel's clerk not willful); *Davis v. Musler*, 713 F.2d 907, 915-16 (2d Cir. 1983) (default due to failure to note that complaint in second suit, served simultaneously with subpoenas and deposition notices in similar first suit, initiated a new lawsuit, may be found nonwillful); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993) (failure to answer second amended complaint should be held non-willful if *pro se* defendant, who had timely answered prior complaints and promptly opposed motion to enter default, did not, as he claimed, receive second amended complaint). The Court, however, "may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *McNulty*, 137 F.3d at 738. Thus, "defaults have been found willful where, for example, an attorney failed, for unexplained reasons, to respond to a motion for summary judgment . . .; or failed, for flimsy reasons, to comply with scheduling orders. . . ; or failed, for untenable reasons, after defendants had 'purposely evaded service for months,' to answer the complaint . . . . ; or failed, for incredible reasons, to appear for a scheduled pretrial conference and unaccountably delayed more than 10 months before moving to vacate the ensuing default." *Id.* (citing cases).

Here, Defendants' failure to appear in this case—or respond to either version of the Complaint, any of Swissdigital's default motions, or any of the Court's orders to show cause— sufficiently demonstrates willfulness. As noted by Judge Vilardo, Swissdigital "provided actual notice of the lawsuit to the defendants." (Dkt. No. 9). This included "by email and by phone call" as well as by providing "copies of the relevant emails and

messages." (*Id.* (citing Dkt. Nos. 6-3, 8-3, 8-6)). Swissdigital "also explained that it successfully had contacted the defendants via email before sending the complaint, and that the defendants appeared to continue using their email addresses for other business purposes after Swissdigital emailed copies of the complaint." (*Id.* (citing Dkt. No. 8 at 5)). Accordingly, "Swissdigital concluded that 'email correspondence was an effective means of communicating with' the defendants." (*Id.*)

As noted above, however, Defendants did not answer the Amended Complaint or otherwise appear in this case. Their failure to do so demonstrates willfulness for purposes of this motion. *See McNulty*, 137 F.3d at 738–39 (unexplained failure to respond to complaint indicates willfulness); *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 CIV 6865 LTS GWG, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (finding defendants' failure to appear, failure to respond to the complaint, and failure to respond to a motion for default judgment indicates willful conduct); *United States v. DiPaolo*, 466 F. Supp. 2d 476, 482 (S.D.N.Y. 2006) (grounds for default judgment were established by defendant's failure to answer the complaint, particularly in light of the fact that the defendant had expressed no intention to do so at a later time). This factor, therefore, weighs in Plaintiff's favor.

*Meritorious Defense*

Next, the Court considers whether Defendants have a meritorious defense. A "defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (internal citation omitted). And while a "defendant need not establish his defense conclusively," he must "must present evidence of facts that, if proven at trial, would constitute a complete

defense." *McNulty*, 137 F.3d at 740 (internal citation and quotation marks omitted). Where, however, a "defendant fails to answer the complaint"—as in this case—the Court "is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which weighs in favor of granting a default judgment." *United States v. Myers*, 236 F. Supp. 3d 702, 707 (E.D.N.Y. 2017). Accordingly, this factor weighs Swissdigital's favor as well.

Nevertheless, even where, like here, "a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258 JS AKT, 2014 WL 4638844, at *7 (E.D.N.Y. Sept. 16, 2014). *See also Said v. SBS Elecs., Inc.*, No. CV08-3067 RJD JO, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), adopted as modified, No. 08 CV 3067 RJD JO, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action"); *Cruz v. 1730 Walt Whitman Rd. Corp.*, No. 23-CV-8992 (ENV) (LGD), 2025 WL 2449077, at *6 (E.D.N.Y. Aug. 25, 2025) ("Plaintiffs' 'well-pleaded factual allegations' must still 'establish Defendant['s] liability as a matter of law.'" (internal citation omitted)). Thus, the Court next examines Plaintiff's allegations to determine whether the Amended Complaint states a valid claim.

**Plaintiff's Allegations**

The Amended Complaint sets for the following alleged facts. Swissdigital, a Delaware limited liability company with an address in Buffalo, is "in the business of selling

high-tech intelligent backpacks and other innovative consumer goods throughout the world." (*See* Dkt. No. 17 ¶ 11). Swissdigital is the "owner of all rights, title, and interest in and to" the '071 Patent, which was issued on February 25, 2020, and is titled "Bag or luggage with USB charging connector." (*Id.* ¶¶ 12-13).[2] The invention is "a bag or luggage for convenient charging of personal devices such as smart phones, tablets, or any device that requires recharging." (*Id.* ¶ 13). According to Swissdigital, its "products offered for sale and sold in the United States that practice the claims of the '071 Patent are marked with patent numbers in compliance with 35 U.S.C. § 287." (*Id.* ¶ 14).

Avon "offers to sell and sells travel luggage bags and backpacks, among other things, under the brand name EUME in the United States, including within this District, and elsewhere in the world." (*Id.* ¶ 15). And Defendant Parekh—managing director of Avon and co-founder and owner of Avon's EUME brand—is the "owner of all rights, title, and interest in and to" the '225 Patent. (*Id.* ¶ 16).[3] The '225 Patent, which is titled "Adaptable Backpack," is an invention relating "to an adaptable backpack which provides massaging effect to a user by way of one or more moveably adjusted detachable massaging units as per the height or desire of the user." (*Id.* ¶¶ 17-18).

In or around November 2018, Parekh met with Zhijian Li, the owner of Swissdigital. (*Id.* ¶¶ 11, 18). During the meeting, Parekh "proposed a potential distribution arrangement where Swissdigital would distribute Avon's EUME brand massager backpacks," which Parekh claimed "were covered by a U.S. patent application that resulted in the '225 Patent, in the United States." (*Id.* ¶ 18). The parties failed to reach

---

[2] A copy of the '071 Patent is attached to the Amended Complaint as Exhibit A. (Dkt. No. 17-1).

[3] A copy of the '225 Patent is attached to the Amended Complaint as Exhibit B. (Dkt. No. 17-2).

an agreement. (*Id.*) Then, on or around June 23, 2020, Parekh sent Li a message stating that "we have come to know that you are manufacturing massager backpacks and selling them in the USA," and "we [Avon] are already selling them there . . . and we will be taking the necessary action, legally, for the same." (*Id.* ¶ 19). Parekh later sent Li another message, demanding that Swissdigital "remove all listings from the market" and that Avon "will be writing to [U.S. distributors Amazon and Costco] next week if we don't receive any update from your end." (*Id.* ¶ 20). Parekh also notified Li that Avon "will not be taking this lightly," and "the only way to amicably solve this will be for you to send us your response . . . and discontinue selling this product." (*Id.* ¶ 21). Li responded to Parekh, explaining that he "wished to find an amicable solution and would look into the issue." (*Id.* ¶ 22).

On or around July 8, 2020, Parekh e-mailed Li a "proposed settlement and licensing agreement for Swissdigital's sale of massager backpacks," which Li rejected. (*Id.* ¶ 23). Parekh messaged Li again on July 9, 2020, "threaten[ing] that he would send and/or had sent messages to Swissdigital's U.S. customers and distributors, including Amazon and Costco, notifying them of the alleged infringement of the '225 Patent by Swissdigital." (*Id.* ¶ 24). Specifically, Parekh stated: "My legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold." (*Id.*)

On or around July 11, 2020—after Plaintiff filed this action—Li and Parekh "had a phone conversation during which [Li] Informed [Parekh] of the pendency of this action and discussed reaching a settlement." (*Id.* ¶ 25). Li also e-mailed Defendants "a brief summary of Swissdigital's position and a copy of the original Complaint." (*Id.*) Then, on

or around July 16, 2020, Li and Parekh "had two additional phone conversations during which they discussed the pendency of this action." (*Id.* ¶ 26). Parekh proposed a revised—and lower—settlement and licensing agreement, which Li rejected. (*Id.*) After the July 16, 2020 conversations, "communications between the parties broke down, and Defendants became unresponsive." (*Id.* ¶ 27).

Swissdigital alleges that Avon's EUME brand has an Amazon Store, where it features massager backpacks that Defendants claim are covered by the '225 Patent and sells bag and luggage products that infringe the '071 Patent—including but not limited to the EUME Barret Laptop Bag and the EUME Genx Massager Bag (collectively, the "Accused Bags"). (*Id.* ¶ 29). On Avon's EUME brand Amazon Store, Avon advertises that the Accused Bags include "2 Port USB Charging" that allows for "Charging your Devices on the go." (*Id.* ¶ 30). Avon further instructs that, "with the help of the power bank which is placed inside the bag," the USB charging port "offers convenient charging of your electronic device like phones, tablet and music player." (*Id.*) And inside the Accused Bags, there is a "power bank pocket," a placing space for placing a power storage device inside the bag. (*Id.*)

Also on Avon's EUME brand Amazon Store, Avon provides instructions for using the USB charging port of the Accused Bags to charge electronic devices, and displays "a promotional video depict[ing] the USB charging port of the Accused Bags, a placing space for placing a power storage device inside the bag, and an individual using the USB charging port to charge a cellular phone." (*Id.* ¶¶ 31-32).[4] Further, Avon's "EUME brand

---

[4] The Amended Complaint includes images depicting the instructions for using the USB charging port, as well as images from a promotional video depicting the USB charging port of the Accused Bags, a placing space for placing a power storage device inside the bag, and an individual using the USB charging port to charge a cellular phone. (*Id.*)

products purchased from its Amazon Store, including the Accused Bags, prominently feature a label attached to the bag with Avon's address and other contact information." (*Id.* ¶ 33).

**First Claim**

In Count 1 of the Amended Complaint, Swissdigital asserts a claim against Defendants for Infringement of the '071 Patent. (*Id.* ¶¶ 34-52). Swissdigital argues that its allegations establish infringement because "each and every claim element of at least claim 1 of the '071 Patent is literally present in Avon's Accused Bags". (Dkt. No. 24 at 15).[5]

35 U.S.C. § 271(a) provides that, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." To "state a claim for direct patent infringement under 35 U.S.C. § 271(a), a plaintiff must (i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked." *Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 62 (E.D.N.Y. 2022) (quoting *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)).

To be "liable for *literal*, direct infringement, a defendant must duplicate each element of a patent claim exactly." *Imatec, Ltd. v. Apple Computer, Inc.*, 81 F. Supp. 2d

---

[5] Count 1 alleges infringement under subsections (a), (b), and (c) of 35 U.S.C. § 271 (relating to direct, induced, and contributory infringement, respectively). (*See* Dkt. No. 17 ¶¶ 34-52). But the default motion only discusses liability under subsection (a) with respect to Count 1. As such, the Court will limit its analysis to whether Swissdigital's allegations establish a claim for direct infringement of the '071 Patent under subsection 35 U.S.C. § 271(a).

471, 484 (S.D.N.Y. 2000), aff'd, 15 F. App'x 887 (Fed. Cir. 2001) (emphasis added). Literal infringement "requires that the accused device contain each limitation of the claim exactly; any deviation from the claim precludes a finding of literal infringement." *Id.* (internal citation omitted). *See also Johnston v. IVAC Corp.*, 885 F.2d 1574, 1580 (Fed. Cir. 1989) ("Where a claim does not read on an accused device exactly, there can be no literal infringement").

Further, under "the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.'" *Shen Zhen You Yu Ku Ke Ji You Xian Gong Si v. Jiangsu Huari Webbing Leather Co.*, No. 23-CV-4578 (JGLC), 2024 WL 4533254, at *3 (S.D.N.Y. Oct. 21, 2024) (quoting *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1357 (Fed. Cir. 2005)). An "element in the accused method or system is equivalent to a claim limitation if the differences between the two are insubstantial to one of ordinary skill in the art." *Paone v. Microsoft Corp.*, 881 F. Supp. 2d 386, 404 (E.D.N.Y. 2012) (internal citation omitted).

Here, Swissdigital alleges that it owns all rights to the '071 Patent, and that Defendants "directly infringed (literally and/or under the doctrine of equivalents) at least claim 1 of the '071 Patent by making, importing, using, offering to sell, and/or selling in the United States, including in this District, luggage products, including but not limited to the Accused Bags, that incorporate a USB charging port and a placing space for placing a power storage device inside the bag for convenient charging of electronic devices." (Dkt. No. 17 ¶ 36). (*See also id.* at 1 (naming defendants); ¶ 36 (identifying patent)).

Plaintiff also sufficiently alleges equivalence between features of the Accused Bags and claim 1 of the '071 Patent.

The '071 Patent describes claim 1 as follows:

> [a] A bag or luggage for convenient charging, comprising:
> [b] a bag or luggage body having a placing space for placing a power storage device inside the bag or luggage body and a power cable outlet on the outer surface of the bag or luggage body;
> [c] a USB extension cable having a male connector and a female connector having four sides and an operative end,
> [d] wherein the male connector of the USB extension cable is inside the bag or luggage body and is used to connect to the power storage device in the placing space;
> [e] wherein the female connector is retained outside and adjacent to the power cable outlet with one side of the four sides of the female connector in communication with the bag or luggage body, and the other three sides of the female connector are covered by a water proof sheath that protects the female connector and provides it in a flat position and wherein the sheath is above and covers the power cable outlet,
> [f] wherein the sheath does not cover the operative end of the female connector which is exposed and fixedly attached above the exterior of the bag such that the operative end of the female connector does not need to be moved and the bag or luggage body does not need to be opened to accept a charging interface of a product to be charged.

Dkt. No. 17-1 at 16. As to corresponding features of the Accused Bags, Plaintiff alleges:

(a) the Accused Bags include a USB charging port that "offers convenient charging of your electronic device like phones, tablet and music player." (Dkt. No. 17 ¶¶ 30, 47);

(b) the Accused Bags include a placing space, described by Avon as a "power bank pocket," for placing a power storage device inside the bag and a power cable outlet on the outer surface of the bag body. (*Id.* ¶¶ 30, 48). (*See also id.* ¶ 32 (depicting a power cable outlet and a placing space));

(c) the Accused Bags include a USB extension cable with a male connector and a female connector having four sides and an operative end. (*Id.* ¶ 49). (*See also id.* ¶ 31 (depicting the male connector of the USB extension cord); ¶ 32 (depicting the female connector of the USB extension cord having four sides and an operative end));

(d) the male connector of the USB extension cable is inside the Accused Bags and is used to connect to the power storage device in the placing space. (*Id.* ¶ 50). (*See also id.* ¶ 31 (describing the male connector of the USB extension cable as "[i]nside the bag" and instructing users to "keep this wire connected to the powerbank"));

(e) the female connector of the Accused Bags is retained outside and adjacent to the power cable outlet, three sides of the female connector are covered by a waterproof sheath that provides it in a flat position and is above and covers the power cable outlet, and the remaining side is in communication with the bag or luggage body. (*Id.* ¶ 51). (*See also id.* ¶ 32 (depicting the female connector outside and adjacent to the power cable outlet with one side in communication with the bag body and three sides covered by a water proof sheath that protects it and provides it in a flat position)); and

(f) the operative end of the female connector of the Accused Bags is exposed and not covered by the sheath, it is fixedly attached to the bag, and, because it is on the exterior of the bag, the bag does not need to be opened to accept a charging interface of a product to be charged. (*Id.* ¶ 52). (*See also id.* ¶ 31 (depicting the bag accepting a charging interface of a cellular phone while the bag is closed);

¶ 32 (depicting the operative end of the female connector exposed and not covered by the sheath and fixedly attached to the exterior of the bag)).

These factual allegations demonstrate infringement at least under the doctrine of equivalents, as any structural differences between the Accused Bags and the '071 Patent do not "constitute substantial differences that would render [the '071 Patent] meaningless if the Court were to find them equivalent." *See Bike Builders Bible v. Kewlmetal, Inc.*, No. SACV1601116JVSKESX, 2017 WL 3485779, at *5 (C.D. Cal. Mar. 2, 2017).

Because Defendants' default establishes the truth of these allegations, which, in turn, establishes their liability for direct infringement of the '071 Patent, default judgment as to Count 1 is appropriate. *See, e.g.*, *Brydge Techs., LLC v. OGadget LLC*, No. 19-CV-5692, 2021 WL 1200316, at *4 (E.D.N.Y. Mar. 4, 2021), report and recommendation adopted, 2021 WL 1193003 (E.D.N.Y. Mar. 30, 2021) (recommending default judgment where the plaintiffs alleged they had "exclusive ownership" of patent, including the "exclusive right to enforce" the patent, "identifie[d]" the patent, "name[d]" the defendant, "contend[ed] that a side-by-side comparison of the two [products] demonstrates" that they are "virtually identical," and alleged that the defendants' activities "injured [them] and threaten[ed] future injury" by "diminishing [their] goodwill and causing [them] to lose sales").

**Second Claim**

In Count 2 of the Amended Complaint, Swissdigital seeks a Declaration of Non-Infringement of the '225 Patent. (Dkt. No. 17 ¶¶ 53-59). Swissdigital purports that it "does not infringe any claim of the '225 Patent . . . at least because the Swissdigital Massage Backpacks do not include any 'comfort plate[s]' each having 'at least one detachable

massaging unit' as required by the '225 Patent." (*Id.* ¶ 58). Accordingly, the Amended Complaint seeks, pursuant to "the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*", a "declaration by the Court that Plaintiff has not infringed and does not infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and enforceable claims of the '225 Patent under 35 U.S.C. § 271." (*Id.* ¶ 59).

For the reasons below, this Court recommends that default judgment on Count 2 be entered only to the extent that this claim seeks a declaration that Swissdigital's six backpacks with massage functionality (collectively, the "Swissdigital Massage Backpacks") do not directly infringe the '225 Patent.

The "Declaratory Judgment Act limits issuances of declaratory judgments to cases of 'actual controversy.'" *Shen Zhen You Yu Ku Ke Ji You Xian Gong Si*, 2024 WL 4533254, at *2 (quoting 28 U.S.C. § 2201(a)). A "declaratory judgment plaintiff must demonstrate that the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (quoting *Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 851 F. Supp. 2d 544, 550 (S.D.N.Y. 2012), aff'd, 718 F.3d 1350 (Fed. Cir. 2013)). And the "Federal Circuit has further refined this test to require an injury in fact traceable to the patentee, which only exists if plaintiffs have alleged both (1) an affirmative act by the patentee related to the enforcement of his patent rights, and (2) meaningful preparation to conduct potentially infringing activity." *Id.* (internal citation and quotation marks omitted).

Here, Swissdigital has alleged adequate facts to establish an actual case or controversy. The Amended Complaint describes messages in which Parekh informs Li

of Parekh's intent to pursue legal action due to Swissdigital's allegedly infringing activities. (*See, e.g.*, Dkt. No 17 ¶ 19 ("On or about June 23, 2020, Mr. Parekh sent Mr. Li a message over the WeChat app and stated that 'we have come to know that you are manufacturing massager backpacks and selling them in the USA,' and 'we [Avon] are already selling them there . . . and we will be taking the necessary action, legally, for the same.'"); ¶ 20 ("Mr. Parekh later sent Mr. Li another message, demanding that Swissdigital 'remove all listings from the market' and that Avon 'will be writing to [U.S. distributors Amazon and Costco] next week if we don't receive any update from your end.'"); ¶ 21 ("Mr. Parekh also notified Mr. Li that Avon 'will not be taking this lightly,' and 'the only way to amicably solve this will be for you to send us your response . . . and discontinue selling this product.'"); ¶ 24 ("On or about July 9, 2020, Mr. Parekh again messaged Mr. Li . . . [and] stated: 'My legal team is asking me to go ahead and send a letter to Costco, Amazon & your Distributor where your products are being sold, and what are the numbers that have already been sold'")).

Accordingly, because Swissdigital's allegations establish an actual case or controversy, the Court may properly consider its request for a declaratory judgment. *See Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1364 (Fed. Cir. 2009) (concluding that declaratory judgment jurisdiction arising from a "definite and concrete" existed where the "facts of [the] case, when viewed objectively and in totality, show[ed] that [the defendant] took the affirmative step of twice contacting [the plaintiff] directly, making an implied assertion of its rights under the [patent] against [the plaintiff's] products, and [the plaintiff] disagreed"); *Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19CV6095KAMRER, 2021 WL 1394284, at *4 (E.D.N.Y. Feb. 9, 2021), *report and*

*recommendation adopted*, No. 19-CV-6095(KAM)(RER), 2021 WL 777015 (E.D.N.Y. Mar. 1, 2021) ("the alleged Article III controversy occurred when the 'rights owner' of the [patent] notified Amazon that Plaintiff's Tree Swing infringed the . . . patent").

Swissdigital's allegations further demonstrate that it has not *directly* infringed the '225 Patent. As discussed above, "[d]irect infringement may be either literal or equivalent." *NuClimate Air Quality Sys., Inc. v. M&I Heat Transfer Prods., Ltd.*, No. 5:08-CV-0317 NPM/GJD, 2008 WL 2917589, at *16 (N.D.N.Y. July 24, 2008) (citing *Cross Med. Prod., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed.Cir.2005)). Literal infringement "occurs when 'each and every limitation set forth in a claim appear[s] in an accused product.'" *Id.* And "[e]quivalent infringement occurs when one appropriates another's patented invention with a product that is substantially the same thing, used in the same way, to achieve substantially the same result . . . ." *Id.* (internal citation and quotation marks omitted).

The '225 Patent includes two independent claims: claim 1 and claim 10. (*See* Dkt. No. 17-2 at 14-15). Both claims require that an infringing product include at least two "comfort plates," each having "at least one detachable massaging unit." (*See id.*) Swissdigital acknowledges that it sells six backpacks with massage functionality (the Swissdigital Massage Backpacks). (Dkt. No. 17 ¶ 56). But it maintains that "[n]one of the Swissdigital Massage Backpacks [has] detachable massaging units." (*Id.* ¶ 57). Rather, each "Swissdigital Massage Backpack includes massage components that are sewn into the body of the backpack and into the straps such that the massage components cannot be detached or adjusted." (*Id.*) (*See also id.* (depicting images of each Swissdigital Massage Backpack and its non-detachable massage component)). Because Swissdigital

does not, and never has, sold or offered to sell any products that include "a detachable massaging unit," it has not literally infringed the '225 Patent. *See MicroStrategy Inc. v. Bus. Objects, S.A.*, 429 F.3d 1344, 1352 (Fed. Cir. 2005) (if "even one claim limitation is missing or not met, there is no literal infringement").

Swissdigital's allegations also establish that its products do not infringe the '225 Patent under the doctrine of equivalents. Indeed, Plaintiff sufficiently alleges that there is no "equivalence" between the features of the '225 Patent and the Swissdigital Massage Backpacks. As noted, the '225 Patent includes detachable massaging units, while the Swissdigital Massage Backpacks do not. These factual allegations support a finding of non-infringement under the doctrine of equivalents, because the structural differences "constitute substantial differences that would render [the '225 Patent] meaningless if the Court were to find them equivalent." *See Bike Builders Bible*, No. 16-CV-1116 (JVS), 2017 WL 3485779, at *4. For these reasons, Swissdigital is entitled to a declaration that the Swissdigital Massage Backpacks do not directly infringe the '225 Patent.

To the extent Swissdigital seeks a declaration of *indirect* noninfringement, however, relief is not warranted on this record. Plaintiff's allegations of indirect non-infringement are sparse at best. There are "two types of indirect infringement", namely, "induced infringement under § 271(b) and contributory infringement under § 271(c)." *Smart Wearable Techs. Inc. v. Fitbit, Inc.*, 274 F. Supp. 3d 371, 374 (W.D. Va. 2017). But the Amended Complaint does not mention either type of indirect infringement in Count 2—let alone set forth facts to demonstrate that Swissdigital has not engaged in such activities with respect to the '225 Patent.

More specifically, there are no factual allegations, for example, indicating why, as to contributory non-infringement, the accused products at issue are not "especially made or especially adapted for use in an infringement[.]" 35 U.S.C. § 271(c). As to induced non-infringement, the Amended Complaint is devoid of factual allegations that, for example, address why Plaintiff did not have the specific intent to induce infringement by any asserted direct infringers. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent"). Accordingly, Plaintiff is not entitled to a declaration of indirect non-infringement of the '225 Patent.[6]

For all of these reasons, it is recommended that Swissdigital's request for default judgment on Count 2 be granted only to the extent it seeks a declaration that the Swissdigital Massage Backpacks do not directly infringe the '225 Patent.

*Prejudice*

Lastly, the Court considers "whether and to what extent" entering "default judgment will prejudice" Swissdigital, as the "the non-defaulting party." *Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 59 (E.D.N.Y. 2022) (quoting *Green*, 420 F.3d at 110). Swissdigital argues that it has "already spent more than five years attempting to resolve this mater" and, absent default judgment, it "may be exposed to renewed threats by Avon of imminent legal action and interference with Swissdigital's non-infringing business

[6] The Court is unpersuaded by any argument based on Swissdigital's contention that it "lacks Defendants' Disclosure of Asserted Claims and Infringement Contentions and the accompanying document production required by Local Patent Rules 3.1 and 3.2." (Dkt. No. 24 at 14). Any such argument is vague and undeveloped as set forth in Plaintiff's submissions—and does not appear to be supported by binding caselaw in any event.

activities." (Dkt. No. 24 at 17). Further, Swissdigital maintains that, "despite having actual notice of infringement," Avon's Accused Bags "have been and continue to be offered for sale and/or sold in the United States from Avon's EUME brand Amazon store," which "directly compete with Swissdigital's own products embodying the '071 Patent" and may force Swissdigital "to relitigate its infringement claim." (*Id.* at 17-18).

In this Court's view, Swissdigital would suffer prejudice absent default judgment. According to the Second Circuit, "delay alone is not a sufficient basis for establishing prejudice." *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024). Rather, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (internal citation omitted). Here, Swissdigital will suffer prejudice if its motion is denied because, without entry of default judgment, it could be left without the ability to recover against Defendants for the claims set forth in the Amended Complaint. *See Grp. One Ltd.*, 625 F. Supp. 3d at 60 ("Plaintiff will suffer prejudice if its motion is denied because Plaintiff will be unable to recover against Defendants for the claims adequately set forth in its Amended Complaint"); *Sola Franchise Corp. v. Solo Salon Studios Inc.*, No. 14-CV-0946JSAKT, 2015 WL 1299259, at *15 (E.D.N.Y. Mar. 23, 2015) ("denying this motion would be prejudicial to Plaintiffs as there are no additional steps available to secure relief in this Court") (internal citation omitted). This factor, therefore, also weighs in Plaintiff's favor.

In sum, accepting Swissdigital's allegations as true, all of the relevant factors weigh in favor of entering default judgment on Counts 1 and 2 in favor of Swissdigital to the extent indicated above.

***<u>Swissdigital's Requested Relief</u>***

Once a defendant's "liability has been established, the Court turns to evaluate damages." *Great Bowery, Inc. v. Royal Beauty Studio Inc.*, 831 F. Supp. 3d 187, 211 (E.D.N.Y. 2026). While "a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Rather, the Court "must be satisfied that Plaintiff has met the burden of proving damages to the Court with reasonable certainty." *Balhetchet v. Su Caso Mktg. Inc.*, No. 19CV4475PKCSJB, 2020 WL 4738242, at *3 (E.D.N.Y. Aug. 14, 2020) (internal citation and quotation marks omitted). And a plaintiff may, to support its damages claim, submit "documentary evidence or detailed affidavits." *Chen v. Oceanica Chinese Rest., Inc.*, No. 13CV4623NGGPK, 2023 WL 2583856, at *6 (E.D.N.Y. Mar. 21, 2023).

In its motion for default judgment, Swissdigital seeks "(1) a permanent injunction; and (2) an award of attorneys' fees and costs." (Dkt. No. 24 at 18). The Court addresses each request below.

*<u>Injunctive Relief</u>*

Swissdigital asks the Court to "enjoin and restrain Avon from further infringing the '071 Patent." (*Id.* at 19). It argues that "Defendants have deliberately ignored this lawsuit and have failed to appear and defend the Accused Bags, while Avon continues to sell its infringing products that directly compete with Swissdigital's own products embodying the '071 Patent." (*Id.*) Further, "given Defendants' unwillingness to engage in the judicial process, damages will be difficult to quantify and recover" and, in the "absence of an injunction, Swissdigital may be forced to relitigate its infringement claim after already

spending more than five years attempting to resolve this matter and end Avon's infringing conduct." (*Id.*) Lastly, Swissdigital argues that the "public interest weighs in favor of an injunction because the public has an interest in protecting patentees' rights such that innovation is incentivized and the judicial process is respected." (*Id.*)

A "court may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Pitbull Prods., Inc. v. Universal Netmedia, Inc.*, No. 07 CIV 1784 RMB GWG, 2007 WL 3287368, at *5 (S.D.N.Y. Nov. 7, 2007) (internal citation omitted). Here, the first prong is satisfied because the Patent Act empowers courts to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

As to the second prong, the "requirements for a permanent injunction are essentially the same as for a preliminary injunction, except that the moving party must demonstrate actual success on the merits." *New York C.L. Union v. New York City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012) (internal citation omitted). The Plaintiff must further demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Swissdigital satisfies these requirements on this record. First, because Defendants' default constitutes an admission of liability, Swissdigital has succeeded on

the merits of its patent infringement claim. *See, e.g., Asia TV USA Ltd. v. Kamran Int'l Trade Ltd., No. 17 CV 5057 (FB)*, 2018 WL 6313215, at *10 (E.D.N.Y. Sept. 25, 2018), report and recommendation adopted, No. 17-CV-5057-FB-CLP, 2018 WL 6313180 (E.D.N.Y. Dec. 3, 2018) ("since plaintiffs have established their Copyright Act claims by virtue of defendants' default, and thereby succeeded on the merits, plaintiffs are entitled to an injunction if they can establish the remaining factors").

Swissdigital has also suffered irreparable injury and remedies available at law are inadequate. Because the parties compete in the same market, any infringing conduct by Defendants will likely cause Swissdigital to lose actual and potential customers and market share. *See Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012) ("Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm"); *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 67 (2d Cir. 2007) ("It is well-established that a movant's loss of current or future market share may constitute irreparable harm"). It is also "not possible to quantify the full extent of the damages, as there has been no discovery into Defendants' infringing sales due to their failure to respond to this action." *Grp. One Ltd.* 625 F. Supp. 3d at 71. *See also Salinger v. Colting,* 607 F.3d 68, 81 (2d Cir. 2010) ("Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or that it is a loss that one should not be expected to suffer"). Moreover, because Defendants' infringement interferes with Plaintiff's statutory right to exclude others from selling its patented technology, monetary damages are an inadequate remedy. *See Evriholder Prods. LLC v. Simply LBS Ltd. Co.*, No. 17CV4329RABCM, 2020 WL 7060336, at *12 (S.D.N.Y. Apr. 21, 2020) ("because the

principal value of a patent is its statutory right to exclude, courts have concluded that monetary damages are an inadequate remedy against future infringement") (internal citation and quotation marks omitted).

Lastly, the public interest and balance of hardships support this outcome. Indeed, the "strong public policy favoring the enforcement of patent rights" favors Swissdigital on this record. *PPG Indus., Inc. v. Guardian Indus. Corp.*, 75 F.3d 1558, 1567 (Fed. Cir. 1996). And Swissdigital will suffer hardship if Defendants continue capitalizing on its patented innovations, thereby denying Swissdigital its exclusive rights. This outweighs any potential harm to Defendants resulting from an injunction—which would be caused by Defendants' decision to continue infringing even after being put on notice of the patents and this lawsuit. *See Celsis In Vitro, Inc.*, 664 F.3d at 931 (concluding that the "district court did not clearly err in finding the balancing of harms favor[ed]" the plaintiff where "the preliminary record suggest[ed] that [the defendant's] losses were the result of its own calculated risk in selling a product with knowledge of [the plaintiff's] patent").

For these reasons, it is recommended that the District Court grant Swissdigital's request for a permanent injunction enjoining Defendants from infringing the '071 Patent.

*Attorneys' Fees and Costs*

Lastly, Swissdigital seeks an award of attorneys' fees and costs. Pursuant to Section 285 of the Patent Act, the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. According to the Supreme Court, an "exceptional" case is one "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness,*

*LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Relevant factors may include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6.

Swissdigital argues that this case is exceptional because "Avon's infringement of the '071 Patent has been deliberate and willful." (Dkt. No. 24 at 19). It explains that "Avon's infringing conduct has continued throughout the pendency of this case despite having actual notice of infringement, and Defendants have failed to appear and defend the Accused Bags." (*Id.*) Swissdigital further argues that "Avon made its threats of imminent legal action and interference with Swissdigital's U.S. customers and distributors in bad faith, as evidenced by their refusal to engage in the judicial process." *Id.* at 19-20.

On this record, an award of attorneys' fees is inappropriate. Swissdigital has not argued that Defendants' litigation positions were weak, and there is nothing in the record to suggest that Defendants had an unjustified litigating position. Indeed, Courts routinely conclude that failure defend is insufficient to render a case exceptional. *See, e.g. Levitation Arts, Inc. v. Plox, Inc.*, No. CV 17-1476-MN, 2020 WL 2730905, at *5 (D. Del. May 26, 2020), report and recommendation adopted, No. CV 17-1476 (MN), 2020 WL 3103894 (D. Del. June 11, 2020) ("In [the court's] view, the failure to defend is not enough to make this case exceptional"); *LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV 17-05824-AB (MRW), 2019 WL 6655258, at *8 (C.D. Cal. Oct. 2, 2019) (declining to award attorneys' fees under Section 285 on a default judgment, notwithstanding the

defendant's failure to secure new counsel after its original counsel withdrew). Moreover, other than their failure to defend, it does not appear that Defendants engaged in unreasonable litigation tactics.

Lastly, the Court declines to award attorneys' fees based on the willfulness of Defendants' conduct. Indeed, "willfulness of the infringement by the accused infringer *may* be a sufficient basis in a particular case for finding the case 'exceptional' for purposes of awarding attorney fees to the prevailing patent owner." *Golight, Inc. v. Wal-Mart Stores, Inc.*, 355 F.3d 1327, 1340 (Fed. Cir. 2004) (internal citation omitted) (emphasis added). But "a finding of willful infringement does not *require* a finding that a case is exceptional." *Id.* (emphasis added). As discussed above, this case is not exceptional based on Defendants' substantive litigating position or the manner in which they litigated this case. And in the absence of any other factors favoring exceptionality on this record, this Court does not believe an award of attorneys' fees is warranted. *See Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 3:14-CV-02864-JD, 2018 WL 3730404, at *4 (N.D. Cal. Aug. 6, 2018), aff'd, 773 F. App'x 623 (Fed. Cir. 2019) ("Here, even though the jury found willfulness, a number of factors counsel against finding that the case was exceptional").

In sum, after reviewing the totality of the circumstances, the Court concludes that this case is not exceptional and, therefore, recommends that Plaintiff's request for attorneys' fees and costs pursuant to Section 285 be denied.[7]

---

[7] Swissdigital also did not indicate the amount of money sought or submit any contemporaneous time records. Its request for attorneys' fees and costs, therefore, should be denied for this additional reason. *See Gen. Star Indem. Co. v. Custom Editions Upholstery Corp.*, 940 F. Supp. 645, 652 (S.D.N.Y. 1996) ("The rule in this Circuit is that attorneys may not be awarded fees without presenting contemporaneous records") (citing *New York Assoc. for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.1983)).

## CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's third motion for default judgment (Dkt. No. 23) be granted in part and denied in part. Specifically, it is recommended that:

- as to Count 1 (Infringement of U.S. Patent No. 10,574,071), default judgment be entered in favor of Plaintiff;
- as to Count 2 (Declaration of Non-Infringement of U.S. Patent No. 10,561,225), the Court issue a declaration that the Swissdigital Massage Backpacks do not directly infringe, literally or under the doctrine of equivalents, upon U.S. Patent No. 10,561,225;
- Defendants be permanently enjoined from infringing U.S. Patent No. 10,574,071; and
- Plaintiff's request for attorneys' fees and costs be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE***

***RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

Dated: August 24, 2026
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge